IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: _____ |
| | ) | |
| SCHAEFFLER GROUP USA, INC., d/b/a FAG | ) | **Removed from the Circuit Court of** |
| BEARINGS CORP., OR FAG BEARINGS; | ) | **Newton County, Missouri** |
| | ) | **Case No. 13NW-CV00207** |
| and | ) | |
| | ) | |
| FAG HOLDINGS CORPORATION, f/k/a FAG | ) | |
| BEARINGS CORPORATION, also f/k/a | ) | |
| NORMA FAG BEARINGS CORPORATION, | ) | |
| also f/k/a FAG BEARING CORPORATION; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WAYNE ALLISON; | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Schaeffler Group USA, Inc. ("Schaeffler Group"); FAG Holding, LLC ("FAG Holding"); and FAG Bearings, LLC ("FAG Bearings" and together with FAG Holding, "FAG")[1] hereby remove this proceeding, entitled *Jodelle L. Kirk v. Schaeffler Group USA, Inc., d/b/a*

---

[1] As explained in paragraph 4 (*see infra*), Plaintiff incorrectly identified the FAG defendants in her Petition.

21514430

*FAG Bearings Corp., or FAG Bearings; FAG Holding Corporation, f/k/a FAG Bearings Corporation, also f/k/a Norma FAG Bearings Corporation, also f/k/a FAG Bearing Corporation; and Wayne Allison*, No. 13NW-CV00207, currently pending in the Circuit Court of Newton County, Missouri (the "State Court Action"), to this Court. The grounds for removal are as follows:

## I. BACKGROUND AND PARTIES

1. Plaintiff Jodelle L. Kirk filed the State Court Action in the Circuit Court of Newton County, Missouri, on February 8, 2013. Pursuant to 28 U.S.C. § 1446(a), Schaeffler Group and FAG have attached all pleadings filed and served upon them in the State Court Action as Exhibit A. The Summons and Petition were first served on Schaeffler Group and FAG on February 19, 2013. Copies of the service process receipts for Schaeffler Group and FAG are attached hereto as Exhibit B.

2. Plaintiff's Petition names Schaeffler Group, FAG, and Wayne Allison as defendants. Plaintiff alleges causes of action for strict liability (Count I), negligence (Count II), negligence per se (Count III), and punitive damages (Count IV). Plaintiff alleges that she suffered a variety of illnesses as a result of exposure to trichloroethylene ("TCE") contamination allegedly caused by the defendants. (Ex. A-1, Pet. ¶¶ 16, 20-22.) Plaintiff seeks monetary damages, punitive damages, and other relief.

3. Defendant Schaeffler Group is a Delaware corporation with its principal place of business in Fort Mill, South Carolina. (*See* T. Zygmont Decl. ¶ 2, attached hereto as Exhibit C.)

4. Plaintiff incorrectly identified the FAG defendants her Petition. (*Id.* ¶ 3.) The entities named in the Petition no longer exist and currently exist as two separate entities: FAG Holding, LLC, and FAG Bearings, LLC. (*Id.*) FAG Holding, LLC, is a limited liability company organized under the laws of Delaware. (*Id.* ¶ 4.) FAG Holding, LLC, has one

- 2 -

member, Schaeffler Group, which, as noted, is a citizen of Delaware and South Carolina. (*Id.*) Likewise, FAG Bearings, LLC, is a limited liability company organized under the laws of Delaware. (*Id.* ¶ 5.) FAG Bearings, LLC, has one member, Schaeffler Group, which, as noted, is a citizen of Delaware and South Carolina. (*Id.*)

5. As alleged by Plaintiff, Defendant Allison is a citizen of Missouri. (Pet. ¶ 7.)

## II. BASIS FOR REMOVAL

6. This Court has original subject-matter jurisdiction, under 28 U.S.C. § 1332(a), because, absent the fraudulent joinder of Defendant Allison, complete diversity exists, and the amount-in-controversy exceeds $75,000. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

### A. Defendant Allison Was Fraudulently Joined as a Defendant.

7. A plaintiff cannot deprive a federal court of diversity jurisdiction by fraudulently naming a resident defendant. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder of that defendant to defeat diversity jurisdiction is fraudulent. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). "If it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* A court looks at the allegations contained in the plaintiff's petition and state law in making the determination of whether plaintiff can maintain a cause of action against a defendant for purposes of deciding whether a defendant has been fraudulently joined to defeat diversity jurisdiction. *Anderson*, 724 F.2d at 84.

8. Plaintiff fraudulently named Defendant Allison, a Missouri citizen, as a defendant in this case. Plaintiff's Petition, however, fails to allege any facts that would support imposing personal liability on Defendant Allison for the claims she has raised. The Petition's lone

- 3 -

allegation specifically directed toward Defendant Allison states, quite broadly, that "[a]t all times relevant to this action, Allison was the plant foreman at FAG's facility in Newton County, Missouri." (Pet. ¶ 7.) The remainder of the Petition generally alleges that "Defendants FAG and Allison" committed the allegedly tortious acts and that "Defendants FAG and Allison" should be liable for Plaintiff's injuries. (*See* Pet. ¶¶ 16, 25-30, 35-36, 41-42, 45, 47-49, and 55.) Plaintiff has not alleged *any* activities or conduct specific to Defendant Allison.

9. Under Missouri law, such blanket allegations about a company employee are insufficient, as a matter of law, to impose liability. As the Missouri Supreme Court has recognized, "simply holding a corporate office does not expose an officer to individual liability for corporate misdeeds." *State ex rel. The Doe Run Resources Corp. v. Neill*, 128 S.W.3d 502, 505 (Mo. 2004) (en banc). In order to impose personal liability on an officer "for tortious corporate conduct," the plaintiff must allege and establish that the officer "had 'actual or constructive knowledge of, and participated in, an actionable wrong.'" *Id.* (quoting *Lynch v. Blanke Bear & Bowey Krimko, Inc.*, 901 S.W.2d 147, 153 (Mo. Ct. App. 1995)). "Mere nonfeasance" is simply inadequate to establish personal liability of a corporate employee; instead, the employee must engage in some kind of "active malfeasance." *See Drummond Co. v. v. St. Louis Coke & Foundry Supply Co.*, 181 S.W.3d 99, 103 (Mo. Ct. App. 2005). The standard for imposing personal liability on non-officer employees is even higher. "Indeed, 'where a servant obeys the orders of his master without negligence, the servant will not be liable for injury to third persons unless he knew, or had reason to believe, that such actions were dangerous and likely to cause injury to a third party.'" *Case v. Florence Const. Co.*, 939 S.W.2d 36, 38 (Mo. Ct. App. 1997) (quoting *Beyerbach v. Girardeau Contractors, Inc.*, 868 S.W.2d 163, 167 (Mo. Ct. App. 1994)); *see also Sw. Bell Tel. Co. v. Clarkson Const. Co.*, 782 S.W.2d 404, 406 (Mo. Ct. App. 1989) (same).

10. Plaintiff's Petition fails to allege any facts that could result in personal liability for Defendant Allison under Missouri law. Plaintiff has not alleged that Defendant Allison committed any affirmative acts. Nor does Plaintiff allege that Defendant Allison "had 'actual or constructive knowledge of, and participated in, an actionable wrong.'" *Neill*, 128 S.W.3d at 505 (quoting *Lynch v. Blanke Bear & Bowey Krimko, Inc.*, 901 S.W.2d 147, 153 (Mo. Ct. App. 1995)). Other than Plaintiff's conclusory allegations that "Defendants FAG and Allison" somehow committed the tortious acts together, Plaintiff altogether fails to identify *anything* that Defendant Allison allegedly did or failed to do. Indeed, the specific allegations related to the alleged TCE contamination only speak to actions by "Defendant FAG"—with no mention of Defendant Allison whatsoever. (*See, e.g.*, Pet. ¶ 16(a)-(n).) Simply put, Plaintiff has failed to allege that Defendant Allison—who, as an alleged "foreman," was not an officer—engaged in any "active nonfeasance." *Drummond Co.*, 181 S.W.3d at 103.

11. Because Plaintiff has failed to state any cause of action against Defendant Allison, Defendant Allison's joinder in this action was fraudulent, and this Court may disregard his citizenship for purposes of

**B. Complete Diversity Exists in the Absence of the Fraudulently Joined Defendant.**

12. In the absence of Defendant Allison's citizenship, complete diversity exists in this case because Plaintiff is not a citizen of the same state as any of the remaining defendants. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.")

13. Plaintiff is a citizen of the State of Missouri. (Pet. ¶ 3.)

14. Defendants Schaeffler Group, FAG Holding, and FAG Bearings are citizens, for the purposes of diversity jurisdiction, of Delaware and South Carolina. As a corporation, Schaeffler Group is a citizen of both the state of its incorporation (Delaware) and the state of its principal place of business (South Carolina). *See* 28 U.S.C. §1332(c)(1). Because Schaeffler Group is the sole member of both FAG Holding, LLC, and FAG Bearings, LLC, those defendants are likewise citizens of Delaware and South Carolina. *See OnePoint*, 486 F.3d at 346 ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.").

### C. The Amount-in-Controversy Requirement is Satisfied in this Case.

15. Although Plaintiff's Petition does not specify the amount of damages she seeks, her allegations show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[2] When a petition does not—or, by law, cannot—specify the amount of damages sought, "the removing party must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000." *Gonzalez-Lopez v. Fahle*, No. 4:05-CV-827 CEJ, 2005 WL 2708832, at *3 (E.D. Mo. Oct. 21, 2005); *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005). To satisfy this burden, the removing party need only "provide sufficient proof that a plaintiff's verdict may reasonably exceed that amount." *Gonzalez-Lopez*, 2005 WL 2708832, at *3 (internal quotation and citation omitted). In conducting its analysis, "the court may look to the petition for removal or make an independent appraisal of the claim." *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001)

---

[2] Even if the Petition did specify an amount in the prayer for relief, the amount specified therein would not control this Court's analysis of the amount in controversy. *See Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 994 (E.D. Mo. 2001) (stating that "[u]nder Missouri Law, the prayer for relief is not controlling" because "[p]leadings may be amended to conform to the evidence").

16. The substance of Plaintiff's allegations show that the amount-in-controversy threshold is easily met in this case. Plaintiff has alleged that, as a direct or indirect result of her alleged exposure to TCE, she has suffered a variety of illnesses for over ten (10) years, including "Autoimmune Hepatatis which require extensive medication to control," "steroid-induced diabetes," and "Barrets Esophagus." (Pet. ¶¶ 20-22.) She further alleges that she "has been an will continue to be forced to spend *considerable sums* on medications and continued medical treatment" for these illnesses. (Pet. ¶ 23 (emphasis added).) As a result, Plaintiff alleges that she "has suffered, and will continue to suffer physical pain and suffering, loss of consortium, mental and emotional distress, and/or loss of sleep and natural rest." (Pet. ¶¶ 32, 38, 52). Plaintiff has also alleged that she "has suffered and will continue to suffer lost wages, income and earning capacity, and has incurred and will continue to incur medical expenses for medical treatment, medication, medical monitoring and/or other medical devices." (Pet. ¶¶ 33, 39, 53.)

17. Courts have recognized that such allegations of severe, past and continuing illnesses or injuries will be sufficient to satisfy the amount-in-controversy requirement. *See Fainer v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV1536 AGF, 2009 WL 911724, at *3 (E.D. Mo. Apr. 1, 2009) (denying motion to remand where plaintiff alleged "severe pain," progressive injuries, severe impairment, and past and future medical treatment). Plaintiff is also seeking punitive damages (*see* Pet., Count IV), which further suggests that the amount-in-controversy has been satisfied. *See Gonzalez-Lopez*, 2005 WL 2708832, at *5 ("'[W]hen punitive damages are available, it is more likely that the amount in controversy will exceed the jurisdictional minimum.'" (Quoting *Bently v. Wellman, Inc.*, 2003 WL 21409819 (W.D. Wisc. Apr. 16, 2003))).

## III. REMOVAL TO THIS COURT IS TIMELY AND PROPER

18. This Notice of Removal is filed within thirty days of February 19, 2013, when Plaintiff served the Summons and Petition on Schaeffler Group and FAG. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

19. The United States District Court for the Western District of Missouri, Southwestern Division, embraces the county and court in which Plaintiff filed this case. 28 U.S.C. § 105(b)(2). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

20. Schaeffler Group, FAG Holding, and FAG Bearings have attached all the pleadings, process, and orders filed in the record of the State Court Action as Exhibits A, as required by 28 U.S.C. § 1446(a).

21. Schaeffler Group, FAG Holding, and FAG Bearings both join in and consent to the removal of the State Court Action to this Court, as required by 28 U.S.C. § 1446(b)(2)(A). Because Defendant Allison was fraudulently joined, as explained above (*see supra* Section II.A), his consent is not required. *Santoyo v. Bear Lake Holdings, Inc.*, No. 10-CV-04050-NKL, 2010 WL 2522745, at *4 (W.D. Mo. June 15, 2010).

22. Schaeffler Group , FAG Holding, and FAG Bearings will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Newton County, Missouri, as required by 28 U.S.C. § 1446(d).

## IV. CONCLUSION

WHEREFORE, Schaeffler Group, FAG Holding, and FAG Bearings respectfully requests that this proceeding, entitled *Jodelle L. Kirk v. Schaeffler Group USA, Inc., d/b/a FAG Bearings Corp., or FAG Bearings; FAG Holding Corporation, f/k/a FAG Bearings Corporation, also f/k/a Norma FAG Bearings Corporation, also f/k/a FAG Bearing Corporation; and Wayne*

*Allison*, No. 13MW-CV00207, currently pending in the Circuit Court of Newton County, Missouri, be removed to this Court.

Dated: March 19, 2013               Respectfully submitted,

                                    SNR DENTON US LLP


                                    /s/ Wade P.K. Carr
                                    Gregory T. Wolf        MO Bar # 43717
                                    Wade P. K. Carr        MO Bar # 62786
                                    4520 Main Street, Suite 1100
                                    Kansas City, Missouri 64111
                                    Tel:  816-460-2400
                                    Fax:  816-531-7545
                                    Email:  gregory.wolf@snrdenton.com
                                            wade.carr@snrdenton.com

                                    **ATTORNEYS FOR DEFENDANTS**
                                    **SCHAEFFLER GROUP USA, INC.;**
                                    **FAG HOLDINGS, LLC; AND**
                                    **FAG BEARINGS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of March 2013, a true and accurate copy of the foregoing document was served upon the following by electronic mail and by U.S. mail, postage prepaid, to:

>Andrew K. Smith
>Jonathan M. Soper
>HUMPHREY, FARRINGTON & MCCLAIN, P.C.
>221 West Lexington, Ste. 400
>P.O. Box 900
>Independence, MO 64051
>Telephone: (816) 836-5050
>Facsimile: (816) 836-8966
>aks@hfmlegal.com
>jms@hfmlegal.com
>
>**ATTORNEYS FOR PLAINTIFF**

>/s/ Wade P.K. Carr
>**ATTORNEYS FOR DEFENDANTS**
>**SCHAEFFLER GROUP USA, INC.;**
>**FAG HOLDINGS, LLC; AND**
>**FAG BEARINGS, LLC**