# Exhibit A

**Index of All Pleadings Served Upon Defendants Schaeffler Group USA, Inc.; FAG Holding, LLC; and FAG Bearings, LLC in the State Court Action**

| **Exhibit** | **Description** |
|---|---|
| A-1 | Petition |
| A-2 | Motion for Order Appointing Special Process Server |
| A-3 | Order Appointing Special Process Server |
| A-4 | Summons for Defendant Schaeffler Group USA, Inc. |
| A-5 | Summons for Defendant FAG |

# Exhibit A-1

# IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSOURI

JODELLE L. KIRK,
3130 Woodland Drive
Joplin, Missouri 64804

        Plaintiff,

v.

SCHAEFFLER GROUP USA INC., d/b/a
FAG BEARINGS CORP., OR
FAG BEARINGS,
Serve:

    C T Corporation System
    120 South Central Avenue
    Clayton, Missouri 63105

and

FAG HOLDING CORPORATION, f/k/a
FAG BEARINGS CORPORATION, also
f/k/a as NORMA FAG BEARINGS
CORPORATION, also f/k/a
FAG BEARING CORPORATION,
3900 Range Line Road
Joplin, Missouri 64804
Serve:

    C T Corporation System
    906 Olive Street
    St. Louis, Missouri 63101

and

WAYNE ALLISON,
HCR #1, Box 1164
Golden, Missouri 65658

        Defendants.

Case No. 13MW-CV00207

Division _____

**F I L E D**

FEB 0 8 2013

PATTY A. KRUEGER
CLERK OF THE CIRCUIT COURT

## PETITION

COMES NOW Plaintiff Jodelle L. Kirk ("Plaintiff"), by and through her attorneys, and for her claims and causes of action states as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to R.S. Mo. § 506.500 because the tortious acts upon which Plaintiff's claims are based occurred within the State of Missouri.

2.      Venue is proper in this Court pursuant to R.S. Mo. § 508.010 because Plaintiff's causes of actions accrued in Newton County, Missouri.

## PARTIES

3.      Plaintiff Jodelle L. Kirk resides at 3130 Woodland Drive, Joplin, Newton County, Missouri 64804.

4.      Upon information and belief, Plaintiff states that Defendant Schaeffler Group USA Inc. ("Schaeffler") is a Delaware Corporation doing business in Joplin, Newton County, Missouri, as Fag Bearings Corp., and/or Fag Bearings.

5.      Upon information and belief, Defendant Schaeffler owns the brand FAG and conducts business under the name FAG Bearings ("FAG") in Joplin, Newton County, Missouri, and took on, purchased or otherwise assumed all assets, properties and liabilities of FAG Bearings LLC, and/or FAG Bearings Corporation, or FAG Holding Corporation, and/or FAG Bearing Corporation and/or NORMA FAG BEARINGS CORPORATION.

6.      For purposes of this Petition, unless otherwise specifically indicated, "Defendant FAG" represents SCHAEFFLER GROUP USA INC., and FAG HOLDING CORPORATION, f/k/a FAG BEARINGS CORPORATION, also f/k/a as NORMA FAG BEARINGS CORPORATION, also f/k/a FAG BEARING CORPORATION

7.      Defendant Wayne Allison ("Allison") is a resident of Missouri. At all times relevant to this action, Allison was the plant foreman at FAG's facility in Newton County, Missouri.

2

8.     At all times relevant herein, FAG owned and operated a manufacturing facility located at 3900 Range Line Road, Joplin, Newton County, Missouri 64804, which is in close proximity to Plaintiff's property.

## TOLLING OF STATUTE OF LIMITATIONS

### DELAYED DIAGNOSIS

9.     Jodelle Kirk was first informed that her Autoimmune Hepatitis was caused by her exposure to the trichloroethylene in the water supply of her childhood residence in June, 2012. Prior to said date, Jodelle Kirk did not discover and could not reasonably have discovered the toxic nature of her injuries and disease, and/or its cause.

### IGNORANCE OF IDENTITY OF INJURY-CAUSING HAZARDOUS SUBSTANCE

10.     Notwithstanding her diligent efforts, at no time until her June, 2012 diagnosis did Jodelle Kirk personally ascertain the identity of the chemical products which caused her autoimmune hepatitis; nor did she personally ascertain that the cause of her illness might be connected to her childhood home's water supply.

11.     Furthermore, evidence of autoimmune-related effects of trichloroethylene exposure from studies in mice and humans was not even published until 2009, years after the Plaintiff's own diagnosis. *See Environmental Health Perspective, 117:696-702 (2009); Gilbert et al., Delineating Liver Events and Trichloroethylene-Induced Autoimmune Hepatitis, CHEMICAL RESEARCH AND TOXICOLOGY* 22 (4): 626-32 (2009).

### ALLEGATIONS COMMON TO ALL COUNTS

12.     As part of its manufacturing operation, Defendant FAG regularly purchased, utilized and disposed of solvents and degreasers containing volatile organic chemicals ("VOCs"), many of

3

which are toxic and probable human carcinogens. One such VOC which is particularly relevant to this cause is a chemical degreaser called trichlorethen (TCE).

13.    FAG TCE in its manufacturing operation from approximately 1975 through 1981. TCE was used as a vapor degreaser in its ball bearing manufacturing operations.

14.    TCE is a man made volatile organic chemical used as a solvent, often for removing grease from metal parts. TCE enters the body when a person breathes air or drinks water containing it; TCE can also enter the body through the skin on contact. TCE causes cancer, central nervous system changes, including unconsciousness and death, and other bodily injury.

15.    TCE leaches into ground water fairly readily. Upon information and belief, Plaintiff states that Defendants negligently, and/or intentionally, poured, pumped, spilled or otherwise introduced TCE into the real property and allowed TCE to contaminate the groundwater.

16.    The VOC and TCE contamination in Silver Creek was caused by the following acts or omissions by Defendants FAG and Allison:

a.    FAG used large quantities of TCE from 1972 to 1982 with at least 30,000 gallons of TCE purchased from 1977 to 1982. And TCE escaped from the operations of FAG, and leaked into the ground and water of FAG's property and the adjoining landowners property, including Plaintiff.

b.    From 1975 to 1981, three to four barrels of VOCs were added each month to a cleaning system used by Defendant FAG to clean ball bearings during the manufacturing process.

4

c.  Each month, approximately three barrels of VOC sludge were poured out on the ground in a wooded area near a service building on Defendant FAG's property containing TCE.

d.  VOC sludge from the cleaning system was also disposed of by pumping the sludge through a sewer line into a sewage lagoon on Defendant FAG's property.

e.  A spill of between 10,000 and 11,000 gallons of VOCs occurred at Defendant FAG's plant between 1979 and 1983.

f.  Defendant FAG stored an estimated 2,500 gallons of VOCs and TCE in bulging and leaking 55 gallon drums on its property between 1981 and 1983.

g.  Five hundred and forty-nine (549) barrels, or 30,195 gallons of TCE purchased by Defendant FAG between 1977 and 1982 cannot be accounted for by Defendant FAG's corporate officers.

h.  From 1976 to 1980, liquids containing TCE were discharged onto the ground surface on FAG property.

i.  During this period that FAG used TCE, FAG negligently released TCE vapors into the air.

j.  Although FAG intended the TCE to be contained within a closed loop degreasing system, the system lost TCE into drains that negligently discharged into a ditch on the grounds of FAG property which then migrated to the south into adjoining property.

5

k.     Pump malfunctions in the degreasing and manufacturing system negligently released TCE by leakage onto the ground.

l.     FAG employees negligently used TCE for general cleaning use throughout the FAG plant none of which was retained or recycled.

m.    Negligent releases of TCE occurred in over 13 locations on FAG property through negligent operation of the degreasing system.

n.    As late as April 1997, TCE and its degradation products remained on FAG property from the surface down to bedrock in toxic and dangerous quantities.

17.    TCE contamination of property and water is not discoverable by a property owner without the use of extraordinary measures. Plaintiff's family was told in 1992 that no TCE was detected on their property or in their well, so there was no reason to seek an alternate water supply.

18.    At the time of the TCE contamination there were 39 children under the age of 6 living in Silver Creek, including Jodelle Kirk.

19.    The Agency for Toxic Substances and Disease Registry noted that routes of contamination included ingestion, inhalation, and skin contact. They further noted that chronic exposures to TCE had shown health effects on intrauterine and neonatal animals and specifically explained that "Developing fetuses are susceptible to the toxic effects of chemicals that can cross the placental barrier. The period of fetal development is a time when chemical exposure might do the greatest harm. Laboratory and epidemiologic studies suggest that fetal exposure to TCE may result in adverse health effects...."

20.    In December of 2002 when Plaintiff was fourteen-years-old, she was diagnosed with Autoimmune Hepatitis which required extensive medication to control.

6

21.    In July of 2004 at age sixteen Plaintiff was diagnosed with steroid-induced diabetes due to the medications she had to take to control her hepatitis.

22.    In August 2006 at age eighteen Plaintiff was diagnosed with Barrets Esophagus.

23.    Plaintiff has been and will continue to be forced to spend considerable sums on medications and continued medical treatment due to the illnesses caused by the Defendant negligently introducing TCE into the real property and ground water around Plaintiff's childhood home.

## COUNT I
## STRICT LIABILITY

24.    Plaintiff adopts and incorporates paragraphs 1 through 23 as if fully set forth herein.

25.    The operation of the plant by Defendants FAG and Allison entailed the use, storage, and disposal of large quantities of TCE and VOCs, which constituted an abnormally dangerous activity.

26.    Defendants FAG and Allison allowed the escape and release of TCE from FAG's premises into the ground water and onto Plaintiff's property.

27.    Defendants FAG and Allison are strictly liable in tort for the resulting harm to Plaintiff's personal health and safety.

28.    Defendants FAG's and Allison's conduct in the use, storage and disposal of TCE is not a matter of common usage; was particularly inappropriate at this location; was of little or no benefit to the local community; and was abnormally dangerous. Any value that the use, storage, and disposal of the TCE at this location had to Plaintiff's community was far outweighed by the dangerous attributes of TCE to human health and the environment.

7

29.     The operation of a manufacturing facility by Defendants FAG and Allison utilizing

large quantities of TCE and VOCs constitutes an activity which is abnormally dangerous based upon

the following considerations:

a.     The existence of a high degree of risk to both the health and safety of Plaintiff

caused by Defendant FAG's and Defendant Allison's improper and negligent

use, storage, and disposal of VOCs on its property.

b.     Given the hazardous nature of the TCE and VOCs used, stored, and disposed

of on Defendant FAG's property, there was an extremely high likelihood of

injury to Plaintiff's health and well-being due to the escape of TCE and VOCs

into the ground, groundwater and Plaintiff's drinking water well;

c.     Due to the inherently hazardous nature of the VOCs used, stored, and

disposed of by Defendants FAG and Allison in the manufacturing operation,

Defendants FAG and Allison were unable to eliminate the risks of harm

posed by the VOCs through the exercise of reasonable care;

d.     The use, storage and disposal of VOCs is not a matter of common usage;

e.     The use, storage, and disposal of VOCs at Defendant FAG's plant were

particularly at this location given:

(i)     The highly permeable characteristics and drainage pathways of the

karst subsurface geology of this region, in which chemical waste can

easily be transported off-site in the groundwater.

8

(ii)     The presence of a shallow underlying aquifer, which provided drinking water to large number of local residents immediately adjacent to Defendant FAG's Plant; and

(iii)    The presence of Silver Creek Village, which depended on this shallow aquifer for its sole drinking water source, and which is located less than two hundred fifty (250) yards from the Defendant FAG's plant.

f.       The dangers associated with the use, storage and disposal of VOCs by Defendants FAG and Allison rendered such use, storage and disposal of little or no benefit to the local community. Any value that the use, storage, and disposal of VOCs at this location had to Silver Creek Village was far outweighed by the dangers of VOCs to human health and the environment.

28.     Defendant FAG's and Defendant Allison's conduct was intentional in that they allowed the continuous, repeated discharge of TCE and VOCs from the plant after they acquired actual knowledge that substantial quantities of VOCs had been spilled at the site, and that there was a great potential for VOCs to migrate off-site.

29.     Defendants FAG and Allison knew that harm to Plaintiff's health and physical well-being was substantially certain to result from the spillage, improper storage, or dumping of VOCs on Defendant FAG's property, because there was no system in place to prevent spilled, improperly stored, or dumped VOCs from migrating from Defendant FAG's property into the groundwater and Plaintiff's drinking water as well.

9

30.     The conduct of Defendants FAG and Allison as described herein was committed with conscious disregard for the safety of Plaintiff and others, and Plaintiff is entitled to seek and obtain punitive damages against Defendants by reason of such conduct.

31.     As a direct and proximate result of the unreasonably dangerous and defective condition of the Defendants' product and the Defendants' failure to warn of the dangers thereof, Plaintiff has developed severe, permanent, and progressive damage to her health.

32.     As a direct and proximate result of the dangerous and defective condition of the Defendants' product and the Defendants' failure to warn of the danger thereof, Plaintiff has suffered, and will continue to suffer physical pain and suffering, loss of consortium, mental and emotional distress, and/or loss of sleep and natural rest.

33.     As a direct and proximate result of the dangerous and defective condition of the Defendants' product and the Defendants' failure to warn of the danger thereof, Plaintiff in addition has suffered and will continue to suffer lost wages, income and earning capacity, and has incurred and will continue to incur medical expenses for medical treatment, medication, medical monitoring and/or other medical devices.

WHEREFORE, Plaintiff requests this Court grants judgment against Defendant FAG and Defendant Allison, jointly and severally, that she be awarded damages in an amount that is fair and reasonable, together with prejudgment interest as provided by law, punitive damages and such further relief as the Court deems appropriate under the circumstances.

## COUNT II
## NEGLIGENCE

34.     Plaintiff adopts and incorporates paragraphs 1 through 33 as if fully set forth herein.

10

35.     Plaintiff's injuries and damages are the direct and proximate result of the negligence, carelessness, faults and omissions of Defendants FAG and Allison in one, more, or all of the following regards:

      a.      Defendants FAG and Allison negligently designed and operated a ball bearing manufacturing plant which used VOCs and TCE in the manufacturing process;

      b.      Defendants FAG and Allison negligently stored VOCs and TCE inside 55 gallon drums without taking proper precautions to prevent spilling or leakage therefrom;

      c.      Defendants FAG and Allison negligently disposed of VOCs and TCE onto the ground on its manufacturing plant grounds;

      d.      Defendants FAG and Allison negligently disposed of VOCs and TCE into a sewage lagoon without taking proper precautions to prevent contamination of the surrounding soil and groundwater;

      e.      Defendants FAG and Allison negligently permitted at least one spill of between 10,000 and 11,000 gallons of VOCs and TCE to occur at Defendant FAG's property between 1979 and 1983.

      f.      Defendants FAG and Allison negligently failed to document and account for and contain 30,195 gallons of TCE and VOCs purchased by Defendant FAG between 1977 and 1982.

11

g.  Defendants FAG and Allison negligently failed to report to the appropriate federal and state authorities various spills, leakages and disposals of VOCs upon Defendant FAG's property.

h.  Defendants negligently failed to warn property owners of the contamination of the ground and water in and around and through adjoining property including Plaintiff's.

36.  The conduct of Defendants FAG and Allison as described herein above was committed with conscious disregard for the safety of Plaintiff and others, and Plaintiff is entitled to seek and obtain punitive damages against Defendants by reason of such conduct.

37.  As a direct and proximate result of the unreasonably dangerous and defective condition of the Defendant's product and the Defendant's failure to warn of the dangers thereof, Plaintiff has developed severe, permanent, and progressive damage to her health.

38.  As a direct and proximate result of the dangerous and defective condition of the Defendant's product and the Defendant's failure to warn of the danger thereof, Plaintiff has suffered, and will continue to suffer physical pain and suffering, loss of consortium, mental and emotional distress, and/or loss of sleep and natural rest.

39.  As a direct and proximate result of the dangerous and defective condition of the Defendant's product and the Defendant's failure to warn of the danger thereof, Plaintiff in addition has suffered and will continue to suffer lost wages, income and earning capacity, and has incurred and will continue to incur medical expenses for medical treatment, medication, medical monitoring and/or other medical devices.

12

WHEREFORE, Plaintiff requests this Court grants judgment against Defendant FAG and Defendant Allison, jointly and severally, that she be awarded damages in an amount that is fair and reasonable, together with prejudgment interest as provided by law, punitive damages and such further relief as the Court deems appropriate under the circumstances.

**COUNT III**
**NEGLIGENCE PER SE**

40.      Plaintiff herein incorporates and adopts paragraphs 1 through 39 as if fully set forth therein.

41.      Defendants FAG and Allison owed the Plaintiff a duty to exercise reasonable care to prevent injury to Plaintiff.

42.      Defendants FAG and Allison breached their duty when they allowed TCE to migrate into the ground water and into Plaintiff's property.

43.      The release of hazardous substances from Defendant FAG's plant has resulted in violations of both federal and state law regulating the disposal and storage of hazardous wastes, including the Clean Water Act (33 U.S.C. Section 1251 et seq.); the Resource Conservation and Recovery Act (42 U.S.C Section 6901 et seq., including the Hazardous and Solid Waste Amendment of 1984); the comprehensive Environmental Response Compensation and Liability Act (42 U.S.C Section 9601 et seq.); and the Missouri Hazardous Waste Management Law (Mo. Rev. Stat. Section 260.350 et seq.).

44.      The Citizen's Suit Provisions of the Clean Water Act (33 U.S.C. Section 1365); the Resource Conservation and Recovery Act (42 U.S.C. Section 6972); and the Comprehensive Environmental Response Compensation and Liability Act (42 U.S.C Section 9659) expressly create

13

private rights of action that support Plaintiff's negligence per se cause of action. The Missouri Hazardous Waste Management Law expresses special concern to protect a person's property in close proximity to hazardous waste sites and also support Plaintiff's negligence per se cause of action. (Mo. Rev. Stat. Sections 260.375(9), (12), and (29); and Section 260.415.3).

45. Defendant FAG's and Defendant Allison's negligent and intentional activities have resulted in Plaintiff's ingestion of VOCs.

46. Plaintiff, as a former occupier of the land in proximity to a leaking hazardous waste site and as an adversely affected citizen of Missouri and of the United States, is a member of the group the above-listed statutes were designed to protect.

47. The harm suffered by the Plaintiff as a result of Defendant FAG's and Defendant Allison's conduct is the kind of harm that the federal and state environmental statutes referred to above were designed to prevent.

48. Defendant FAG's and Defendant Allison's conduct was intentional in that they allowed the continuous, repeated discharge of VOCs from Defendant FAG's plant after they acquired actual knowledge that substantial quantities of VOCs had been spilled at the site, and that there was a great potential for VOCs to migrate off-site.

49. Defendants FAG and Allison knew that harm to Plaintiff's health and physical well-being was substantially certain to result from the spillage, improper storage, or dumping of VOCs on Defendant FAG's property, in that there was no system in place to prevent spilled, improperly stored, or dumped VOCs from migrating from Defendant FAG's property into the groundwater and Plaintiff's well water.

14

50.     The conduct of Defendants as described above was willful, wanton, callous, intentional and was committed with a corporate black heart. Plaintiff is therefore entitled to seek and obtain punitive damages against Defendants by reason of such conduct.

51.     As a direct and proximate result of the unreasonably dangerous and defective condition of the Defendant's product and the Defendant's failure to warn of the dangers thereof, Plaintiff has developed severe, permanent, and progressive damage to her health.

52.     As a direct and proximate result of the dangerous and defective condition of the Defendant's product and the Defendant's failure to warn of the danger thereof, Plaintiff has suffered, and will continue to suffer physical pain and suffering, loss of consortium, mental and emotional distress, and/or loss of sleep and natural rest.

53.     As a direct and proximate result of the dangerous and defective condition of the Defendant's product and the Defendant's failure to warn of the danger thereof, Plaintiff in addition has suffered and will continue to suffer lost wages, income and earning capacity, and has incurred and will continue to incur medical expenses for medical treatment, medication, medical monitoring and/or other medical devices.

WHEREFORE, Plaintiff requests this Court grants judgment against Defendant FAG and Defendant Allison, jointly and severally, that she be awarded damages in an amount that is fair and reasonable, together with prejudgment interest as provided by law, punitive damages and such further relief as the Court deems appropriate under the circumstances.

## COUNT IV
## PUNITIVE DAMAGES

54.     Plaintiff adopts and incorporates paragraphs 1 through 53 as if fully set forth herein.

15

55.     Defendant FAG's and Defendant Allison's conduct was intentional, willful, and wanton; it demonstrates reckless disregard for Plaintiff's health and safety such that Plaintiff is entitled to punitive damages in an appropriate amount that is fair and reasonable and that will punish Defendants FAG and Allison and deter others from similar conduct.

WHEREFORE Plaintiff prays for an award of damages against the Defendants in an amount to be determined by the Court, together with interest and costs of suit, and for such other relief as is just and proper.

### JURY TRIAL DEMAND

56.     Plaintiff hereby requests a trial by jury.

Respectfully Submitted,

Andrew K. Smith          #60485
Jonathan M. Soper          #61204
HUMPHREY, FARRINGTON & MCCLAIN, P.C.
221 West Lexington, Ste. 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050
(816) 836-8966 - fax
aks@hfmlegal.com
jms@hfmlegal.com
**ATTORNEYS FOR PLAINTIFF**

16

# Exhibit A-2

## IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSOURI

JODELLE L. KIRK,                                )
3130 Woodland Drive                             )
Joplin, Missouri 64804                          )
                                                )
                      Plaintiff,                )
                                                )
v.                                              )
                                                )
SCHAEFFLER GROUP USA INC., d/b/a                )
FAG BEARINGS CORP., OR                          )
FAG BEARINGS,                                   )
Serve:                                          )
         C T Corporation System                 )
         120 South Central Avenue               )
         Clayton, Missouri 63105                )
                                                )
and                                             )
                                                )
FAG HOLDING CORPORATION, f/k/a                  )
FAG BEARINGS CORPORATION, also                  )
f/k/a as NORMA FAG BEARINGS                     )
CORPORATION, also f/k/a                         )
FAG BEARING CORPORATION,                        )
3900 Range Line Road                            )
Joplin, Missouri 64804                          )
Serve:                                          )
         C T Corporation System                 )
         906 Olive Street                        )
         St. Louis, Missouri 63101              )
                                                )
and                                             )
                                                )
WAYNE ALLISON,                                  )
HCR #1, Box 1164                                )
Golden, Missouri 65658                          )
                                                )
                      Defendants.               )

F I L E D

FEB 0 8 2013

PATTY A. KRUEGER
CLERK OF THE CIRCUIT COURT

Case No. 13NW-CV00207

Division _____

## MOTION FOR ORDER APPOINTING SPECIAL PROCESS SERVER

COME NOW Plaintiff and requests an order appointing Hatfield Process Service and/or its

Agents to serve the Petition and Summons on Defendants Schaeffler Group USA, Inc., d/b/a FAG

Bearings Corp., or FAG Bearings, FAG Holdings Corporation, f/k/a FAG Bearings Corporation, also

f/k/a as Norma FAG Bearings Corporation, also f/k/a FAG Bearings Corporation and Wayne Allison.

Respectfully Submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

Andrew K. Smith          #60485
Jonathan M. Soper        #61204
221 West Lexington, Ste. 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050
(816) 836-8966 - fax
aks@hfmlegal.com
jms@hfmlegal.com
**ATTORNEYS FOR PLAINTIFF**

2

# Exhibit A-3

## IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSOURI

| | |
|---|---|
| JODELLE L. KIRK,<br>3130 Woodland Drive<br>Joplin, Missouri 64804 | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| SCHAEFFLER GROUP USA INC., d/b/a<br>FAG BEARINGS CORP., OR<br>FAG BEARINGS,<br>Serve:<br>    C T Corporation System<br>    120 South Central Avenue<br>    Clayton, Missouri 63105 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| FAG HOLDING CORPORATION, f/k/a<br>FAG BEARINGS CORPORATION, also<br>f/k/a as NORMA FAG BEARINGS<br>CORPORATION, also f/k/a<br>FAG BEARING CORPORATION,<br>3900 Range Line Road<br>Joplin, Missouri 64804<br>Serve:<br>    C T Corporation System<br>    906 Olive Street<br>    St. Louis, Missouri 63101 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| WAYNE ALLISON,<br>HCR #1, Box 1164<br>Golden, Missouri 65658 | )<br>)<br>) |
| Defendants. | )<br>) |

**F I L E D**

FEB 0 8 2013

PATTY A. KRUEGER
CLERK OF THE CIRCUIT COURT

Case No. 13NW-CV00207

Division _____

### <u>ORDER APPOINTING SPECIAL PROCESS SERVER</u>

For good cause shown, as stated in Plaintiff's Motion, it is ordered that Hatfield Process

Service and/or its Agents are appointed Special Process Server(s) to serve the Petition and Summons

on Defendants Schaeffler Group USA, Inc., d/b/a FAG Bearings Corp., or FAG Bearings, FAG Holdings Corporation, f/k/a FAG Bearings Corporation, also f/k/a as Norma FAG Bearings Corporation, also f/k/a FAG Bearings Corporation and Wayne Allison.

2-8-13
Date

JUDGE

2

# Exhibit A-4



# IN THE 40TH JUDICIAL CIRCUIT COURT, NEWTON COUNTY, MISSOURI


*Serve*

| Judge or Division:<br>TIMOTHY WAYNE PERIGO | Case Number: 13NW-CV00207 |
|---|---|
| Plaintiff/Petitioner:<br>JODELLE L KIRK | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW KELLEY SMITH<br>SUITE 400<br>221 W LEXINGTON<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>SCHAEFFLER GROUP USA INC., D/B/A FAG<br>BEARINGS CORP., OR FAG BEARINGS,<br>AND<br>FAG HOLDINGS CORPORATION, F/K/A FAG<br>BEARINGS CORPORATION, ALSO F/K/A<br>NORMA FAG BEARINGS CORPORATION,<br>ALSO F/K/A FAG BEARING CORPORATION<br>AND<br>WAYNE ALLISON | Court Address:<br>DIVISION I COURTROOM<br>101 S. WOOD<br>NEOSHO, MO 64850 |
| Nature of Suit:<br>CC Pers Injury-Other | |

PATTY A. KRUEGER<br>CLERK OF THE CIRCUIT COURT

**F I L E D**

FEB 08 2013

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **SCHAEFFLER GROUP USA INC**

Alias:

C/O CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
SAINT LOUIS, MO 63105

*COURT SEAL OF*

*NEWTON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____2/8/13_____
Date

_____Jessica W. Meadows-Jordan dc_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

(Seal)

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____   _____
Date   Notary Public

---

**Sheriff's Fees**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 13-SMCC-55**          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05,

54.13 and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:13-cv-05032-DGK   Document 1-2   Filed 03/19/13   Page 28 of 31

# Exhibit A-5

IN THE 40TH JUDICIAL CIRCUIT COURT, NEWTON COUNTY, MISSOURI



| Judge or Division:<br>TIMOTHY WAYNE PERIGO | Case Number: 13NW-CV00207 |
|---|---|
| Plaintiff/Petitioner:<br>JODELLE L KIRK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW KELLEY SMITH<br>SUITE 400<br>221 W LEXINGTON<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>SCHAEFFLER GROUP USA INC., D/B/A FAG<br>BEARINGS CORP., OR FAG BEARINGS,<br>AND<br>FAG HOLDINGS CORPORATION, F/K/A FAG<br>BEARINGS CORPORATION, ALSO F/K/A<br>NORMA FAG BEARINGS CORPORATION,<br>ALSO F/K/A FAG BEARING CORPORATION<br>AND<br>WAYNE ALLISON | Court Address:<br>101 S. WOOD<br>NEOSHO, MO 64850 |
| Nature of Suit:<br>CC Pers Injury-Other | |

PATTY A. KRUEGER
CLERK OF THE CIRCUIT COURT

F I L E D
FEB 0 8 2013

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: ~~FAG HOLDSINGS CORP~~ F/K/A FAG BEARINGS CORP
Alias: S. 2/19/13

RA: CT CORPORATION SYSTEM
906 OLIVE STREET
SAINT LOUIS, MO 63101

COURT SEAL OF

NEWTON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

2/8/13
Date

_Jessica W Meadow-Jordan-dc_
Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

(Seal)

_____          _____
Date                                              Notary Public

---

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 13-SMCC-56          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:13-cv-05032-DGK   Document 1-2   Filed 03/19/13   Page 30 of 31

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ ____10.00____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 13-SMCC-56**      1 of 1      Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:13-cv-05032-DGK   Document 1-2   Filed 03/19/13   Page 31 of 31