# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CV-5032-SW-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This case concerns volatile organic chemicals, which Plaintiff alleges Defendants negligently or intentionally put in the soil and water near her home, thereby injuring her. Pending before the Court is a discovery dispute between the parties. After reviewing the memoranda submitted by the parties, the Court finds a telephone conference is not necessary to resolve this dispute, and the Court now issues its ruling.

The background of this dispute is as follows. In their Rule 26 Initial Disclosures, Defendants identified eight categories of documents in their control that they might use in their defense (Doc. 56-1, at 2–3). Although Defendants never received a formal request for production of these documents, they voluntarily turned over some, but not all, of these documents in January of this year. It is unclear when, or if, Plaintiff reviewed these documents, but they discovered during the deposition of Defendants' corporate representative on April 29, 2014, that Defendants had not given them all of these documents. Although the deadline to file any discovery related motions passed on March 21, 2014, and the deadline to *complete* discovery passed on April 4, 2014, Plaintiff now asks the Court to (1) compel the production of all of the

documents Defendants identified in their Initial Disclosures, and (2) extend the deadline to complete discovery six months.[1]

Defendants oppose both of the requests, arguing Plaintiff is simply trying to blame them for her dilatory conduct in failing to conduct discovery during the 10.5 months provided for in the various scheduling orders. Defendants contend they never agreed to produce all of the documents identified in their Initial Disclosures. Defendants also note Plaintiff failed to serve any written discovery on them until April 3, 2014, the day before the deadline to complete discovery ran.[2]

## A. Plaintiff's request to compel discovery is denied.

The primary issue here is whether Plaintiff timely requested the remaining documents identified in Defendants' Initial Disclosures. The Rule 26 report states that the parties "anticipated *serving* all discovery permitted by the Federal Rules of Civil Procedure[], including . . . requests for productions of documents" (Doc. 10, at 5) (emphasis added). The parties further did "not propose making any changes to the timing, form, or requirements for their initial disclosures" (*Id.*).

Plaintiff claims that during the Rule 26(f) conference, Defendants orally agreed to produce all documents identified in their Initial Disclosures. Defendants deny that they ever made such an agreement or that they ever discussed productions in lieu of written requests. The parties cite internal correspondence between counsel, none of which mentions, or even hints at,

---

[1] Plaintiff also requests an extension of deadlines related to expert discovery, and Defendants join this request. The Court will grant this request in a separate order.

[2] This is the deadline set in the Second Amended Scheduling and Trial Order (Doc. 25). The Court's original Scheduling and Trial Order (Doc. 13) issued on June 20, 2013, fixed the deadline to complete discovery at November 20, 2013.

an agreement or promise from Defendants to turn over all documents identified in the Initial Disclosures.

Defendants, as the parties resisting discovery, bear the burden of showing that the discovery should not be produced. *See Liberty Mut. Fire Ins. Co. v. Centimark Corp.*, No. 08-CV-230-DJS, 2009 WL 539927 (E.D. Mo. Mar. 4, 2009). The Court holds that Defendants have carried their burden of showing that Plaintiff has no legal entitlement to the discovery she seeks.

Plaintiff is entitled to these documents if either: (1) the Federal Rules of Civil Procedure require Defendants to produce them; or (2) Defendants agreed to produce them.

First, the Federal Rules of Civil Procedure do not require Defendants to produce these documents. Plaintiff does not claim to have propounded a formal Rule 34 request to Defendants, so the issue is whether Defendants were inherently required to produce the contested documents. Rule 26(a)(1) provides in pertinent part:

(1) Initial Disclosure.
   (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: . . .
      (ii) a copy—*or a description by category and location*—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

(emphasis added). This rule does not impose upon a party the obligation to spontaneously produce the documents described in subsection (ii). This section states that a party need only disclose descriptions of documents and not produce the described documents themselves at the time of the disclosure. *Cf.* Fed. R. Civ. P. 26(b)(5) (elsewhere in Rule 26, specifically contrasting document disclosure and document production). Further, the Advisory Committee's Notes emphasize that what is now Rule 26(a)(1)(A)(ii) "does not require production of any documents. [Rather, if] only the description is provided, the other parties are expected to obtain

the documents desired by proceeding under Rule 34 or through informal requests." Fed. R. Civ. P. 26 advisory committee's notes (1993 amends.). Therefore, the "duty to disclose is not synonymous with a duty to produce." *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 337 (D. Ariz. 2009). Thus, Rule 26 does not require Defendants to have produced the sought documents without a request for production.

Second, the Court finds by a preponderance of the evidence Defendants never made an agreement to produce the documents without a formal discovery request. Plaintiff avers that she and Defendants reached an agreement over the phone for Defendants to produce these documents. While Rule 29(b) generally permits parties to modify the default discovery procedures in the Federal Rules, the Court finds that no such agreement was ever made here. The parties' Rule 26 report indicates that the parties were not changing the default rules, and the Court finds it unlikely that the parties would modify that agreement without any written memorialization. None of Plaintiff's exhibits (or Defendants', for that matter) refer to such an agreement. Beyond the unsworn assertion of Plaintiff's counsel, there is no indication that an oral agreement even existed. On the other hand, two attorneys for Defendants who were both present at the Rule 26 conference, have submitted affidavits stating that they never agreed to produce all documents listed in their Initial Disclosures. Although Defendants tendered some discovery relating to the Initial Disclosures, they did not represent that the produced documents comprised all of the documents described in the Initial Disclosures, and Plaintiff did not question the scope of that production. Obviously, without the alleged agreement, Defendants bore no obligation to produce the documents Plaintiff now seeks.

Defendants having carried their burden of showing that there is no basis for Plaintiff to claim the discovery she now seeks, the Court denies this portion of Plaintiff's request.

**B.     Plaintiff's request to extend the deadline to complete fact discovery is denied.**

Plaintiff also requests a six month extension of time to complete fact discovery, including interrogatories and requests for production of documents submitted in April of 2014, which was "made necessary by [Defendants'] withholding of documents" (Doc. 56 at 2). Since the Court finds Defendants did not wrongfully withhold documents, and finding no other reason to extend discovery an additional six months, Plaintiff's request to extend fact discovery is denied.

**IT IS SO ORDERED.**

Date:  June 11, 2014                                            /s/ Greg Kays
                                                                                GREG KAYS, CHIEF JUDGE
                                                                                UNITED STATES DISTRICT COURT