IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JODELLE L. KIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-5032-DGK |
| ) | |
| SCHAEFFLER GROUP USA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

This case arises from Plaintiff's allegations that Defendants negligently or intentionally released volatile organic chemicals into the soil and water near her home, thereby injuring her. Now before the Court is Plaintiff's Motion for Reconsideration (Doc. 64). Plaintiff asks the Court to reconsider its June 11, 2014, order ruling on the parties' first discovery dispute, a ruling which denied Plaintiff's request to compel Defendants to provide certain discovery and denied Plaintiff's request to extend fact discovery an additional six months.

This Court will not grant a motion to reconsider unless the moving party shows: (1) that it did not have a fair opportunity to argue the matter previously; and (2) that granting the motion is necessary to correct a significant error. *Halloran v. Houlihan's Rest., Inc.*, No. 4:11-CV-01028-DGK, 2013 WL 544011, at *2 (W.D. Mo. Feb 12, 2013). Although Plaintiff contends that she previously did not have a fair opportunity to argue the matter because her briefing was restricted to a one-page summary, Plaintiff fails to mention that she attached to her one page summary *forty-seven* pages of exhibits supporting her position, including correspondence and emails with opposing counsel, a partial deposition transcript, and various discovery requests and responses (Doc. 56, Exs. A-K). The Court carefully read each exhibit, and when considered alongside

Plaintiff's one-page statement, her position was perfectly clear. Thus, Plaintiff has not satisfied the first element.

Assuming for the sake of argument that Plaintiff did not previously have a fair opportunity to explain its position, the Court finds that granting the motion will not correct any errors, much less a significant error. As the Court stated in its June 11 order, as the party opposing discovery, Defendants bore the burden of showing that the requested discovery should not be produced. Defendants carried their burden, and so the Court properly ruled in their favor. *Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-cv-05032-DGK, slip op. at 3-4 (W.D. Mo filed June 11, 2014). On the other hand, with respect to Plaintiff's request to amend the scheduling order to extend fact discovery, Plaintiff did not meet her burden of showing good cause for doing so. On the contrary, as the Court noted in a recent order in this case,

> The existing record amply demonstrates that Plaintiff has not been engaged in active discovery. Although discovery was open for more than ten months, Plaintiff failed to serve any written discovery on Defendants until April 3, 2014, the day before the deadline to complete discovery expired. This is undue delay . . .

*Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-cv-05032-DGK, slip op. at 2 (W.D. Mo filed July 28, 2014). Because Plaintiff did not show good cause, the Court did not err in denying her request.

Accordingly, Plaintiff's Motion for Reconsideration (Doc. 64) is DENIED.

**IT IS SO ORDERED.**

Date: August 18, 2014                                    /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT