# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

JODELLE L. KIRK, )
)
    Plaintiff, )
)
v. ) No. 13-CV-5032-SW-DGK
)
SCHAEFFLER GROUP USA, INC., et al., )
)
    Defendants. )

## ORDER REGARDING SECOND DISCOVERY DISPUTE

This case arises from Plaintiff's allegations that Defendants negligently or intentionally released volatile organic chemicals into the soil and water near her home, thereby injuring her. Pending before the Court is the second discovery dispute between the parties. After reviewing the memoranda submitted by the parties, the Court finds a telephone conference is not necessary to resolve this dispute, and the Court rules as follows.

There are two controversies here, both related to expert discovery. The first concerns deposition dates for four of Plaintiff's experts.[1] The second concerns whether Defendants' expert Dr. Philip Guzelian should be allowed to conduct an independent medical examination ("IME") of the Plaintiff. Plaintiff's expert, Dr. Ernest Chiodo, performed an IME of Plaintiff on July 14, 2014, after the close of fact discovery in this case. Plaintiff did not disclose Dr. Chiodo's examination in any medical records made available to Dr. Guzelian, and Defendants argue that an IME of the Plaintiff is a necessary component of Dr. Guzelian's rebuttal. Plaintiff has no objection to Dr. Guzelian's IME, provided that she is given leave to rebut any previously undisclosed or untimely opinions based on the new exam.

---

[1] The parties' initially indicated that eight depositions were in dispute. The parties subsequently resolved four of these disputes.

With respect to the first dispute, as a threshold matter it is unclear whether this is, in fact, a discovery dispute under Local Rule 37.1. The depositions have not been formally noticed up, thus there is no deposition for the Court to quash.

Assuming for the sake of argument this dispute falls within Rule 37.1's ambit, the Court declines to intervene at this time. The Court recognizes that counsel and the experts are all busy and have limited availability, and that this is hard-fought litigation. But counsel are all adults and officers of the court and as such are capable of picking deposition dates without the Court's assistance, as demonstrated by the fact that the parties have found dates for four of the eight disputed depositions. The Court is also certain that counsel will be more satisfied with dates they choose rather than the dates the Court would chose for them.[2]

Consequently, the Court directs the parties to meet and confer and come to mutually agreeable dates on which to conduct these depositions. To give the parties more scheduling flexibility however, the Court will, on its own motion, extend the deadline to designate rebuttal experts from November 17, 2014, to December 17, 2014. If the parties cannot reach an agreement by noon on September 15, 2014, they may schedule a phone conference with the Court during which the Court will select deposition dates for them.

With respect to the second dispute, the Court rules Dr. Guzelian is permitted to make an independent medical evaluation of Plaintiff, but Plaintiff shall be given leave to rebut any previously undisclosed or untimely opinions based on the new exam.

**IT IS SO ORDERED.**

Date: September 9, 2014            /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT

---

[2] For example, depositions are rarely conducted on Saturdays, Sundays, or the Friday after Thanksgiving, but if the Court were selecting deposition dates for the parties, those would all be options.