IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., | ) | |
| FAG HOLDING, LLC, and | ) | |
| FAG BEARINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR SANCTIONS

This case arises from Plaintiff Jodelle Kirk's allegation that Defendants are liable for introducing trichloroethylene ("TCE") into the environment near her childhood home, contaminating the groundwater and causing her to develop a variety of serious illnesses.

Now before the Court is Defendants' Motion for Sanctions (Doc. 105). Defendants ask the Court to sanction Plaintiff for allegedly breaching an agreement to reimburse Defendants for travel costs incurred as a result of Plaintiff's last minute change in deposition locations. For the following reasons, the motion is GRANTED.

**Background**

The factual background of this dispute is as follows. Plaintiff originally agreed to produce an expert witness on October 5, 2014, at the witness's office in Clinton Township, Michigan, near Detroit, Michigan. Defendants duly noticed up the deposition for that date and time. Five days before the deposition, Plaintiff's counsel sought to change the location of the deposition to counsel's office in Independence, Missouri, a suburb of Kansas City, Missouri. The proposed change required Gary Roberts, the Los Angeles-based defense attorney scheduled to depose the witness, to cancel his existing hotel and flight reservations and re-book them to Kansas City.

Defendants agreed to the location change on the condition that Plaintiff agree to pay any expenses incurred in making the change. After some back and forth between the parties about how much these changes should cost—Plaintiff contended that Defendants would save money because the Kansas City based defense attorneys would have no travel expenses, while Defendants denied that the Kansas City based attorneys were planning to attend the deposition in Michigan—Plaintiff's counsel Kenneth McClain agreed to reimburse Defendants "up to $1,100" in expenses in return for moving the deposition.[1]

Defendants then issued an amended deposition notice stating it would be held in Independence, Missouri. That same day Defendants sent Plaintiff documentation showing that the location change cost Defendants $1,023.63 in additional travel expenses.

Defense counsel Roberts subsequently appeared at the deposition with two Kansas City-based defense attorneys, Wade Carr and Greg Wolf.[2] Mr. McClain, Andrew Smith, and Lauren McClain represented the Plaintiff at the deposition.

The deposition began with the following exchange:

> MR. McCLAIN: I'm making a record here first. We were requested to pay a cancellation fee and a change fee on the basis that this would be more expensive, with the specific representation made in writing that Wade Carr was not coming and Greg Wolf was not coming to this deposition. As everything in this case, that was a misrepresentation by lawyers that don't seem to be able to tell the truth about anything, and so we're not paying any bill, so if you want to proceed on that basis, go ahead, but if you don't, leave and file a motion, but we're not paying any bill, just to let you know.

---

[1] On October 1, 2014, Defense counsel Gary Roberts sent an email stating, "[t]he price difference quoted today is about $1,100 in changing flights and hotels . . . At this time, I am the only one planning to attend the deposition, so there is no Wade/Greg [other defense attorneys] cost savings. It would be best if we could hear back by noon tomorrow." A few hours later, McClain replied, "I don't believe you. Everyone I've met from your firm are liars. Having said that if you present us with verified bills for changing your flight and hotel we will pay you up to $1,100. What a bunch of babies you are."

[2] Mr. Carr formally appeared at the deposition; Mr. Wolf did not.

MR. ROBERTS: The representation was that neither Mr. Carr nor Mr. Wolf were going to attend in Detroit.

MR. McCLAIN: And that they weren't attending here.

MS. McCLAIN: You said Mr. Wade -- Mr. Carr, or Mr. Carr and Mr. -- whatever his last name is –

MR. McCLAIN: Wolf.

MS. McCLAIN: They don't plan on attending, period, in Michigan.

MR. McCLAIN: So it's a lie, why can't you guys just tell the truth? Why do you tell lies when the truth would do, you know? It's a cultural problem in your law firm. Everything is a lie, and all of you are liars, period, so we're not paying it. So if you want to fight about that at some other time, fine, but unless you agree on the record that that's waived at this time, Mr. Carr is leaving, at which time I'll pay your bill. If you want him to stay you're going to waive the bill, period.

MR. ROBERTS: We're not going to waive our claim for the bill, and Mr. Wade is going to stay here.

MR. McCLAIN: No, he's not, he's not.

MR. ROBERTS: Yes, he is.

MR. McCLAIN: No, he's not. Then we're not proceeding with the deposition. It's your choice.

MR. ROBERTS: Wade is going to stay here.

MR. McCLAIN: Okay. Then you're waiving the bill.

MR. ROBERTS: No.

MR. McCLAIN: Yes, you are.

3

MR. ROBERTS: No.

MR. McCLAIN: Yeah, you are, yeah. It's not negotiable. The deposition will end now and we'll bring this foolishness to the Judge's attention, but either you're going to waive it or we're done, end of story.

MR. ROBERTS: No, we're not waiving it –

MR. McCLAIN: Okay, then we're done. Go back, fly to San Francisco and tell the judge about why you did this. We're not paying it. So you can either agree or you can go home. It's up to you. Dr. Chiodo is here and prepared to testify.

MR. ROBERTS: And I'm prepared to question him.

MR. McCLAIN: Well, I'm not going to pay the bill, and I want that agreement on the record, because you represented that Mr. Carr was not going to be here, and he is here.

MR. ROBERTS: We have a disagreement.

MR. McCLAIN: No, we don't have any disagreement. You represented on the record that he was not going to be here, which is why the bill was necessary. I agreed on that basis that if you could demonstrate that, in fact, this was a charge, then I would pay it as a matter of courtesy to you, but it was based upon the fact that we weren't saving you money with the travel costs of Mr. Carr, which we are, so you either waive it or we leave.

MR. ROBERTS: We're not leaving.

MR. McCLAIN: Okay, well, then the deposition is over.

MR. ROBERTS: We'll take the non-appearance.

MR. McCLAIN: Okay, all right.

Dep. (Doc. 106-5) at 4-7.

The deposition then began. After the attorneys entered their appearances, the following exchange occurred.

> MR. McCLAIN: I take it by proceeding that you're agreeing that we're not paying the bill because that's the only reason I'm proceeding. We're not paying it.
>
> MR. ROBERTS: I do not agree that we have an agreement on the bill. We are proceeding.
>
> MR. McCLAIN: Well, I want you to understand that it's based upon my statement that I'm not paying it.
>
> MR. ROBERTS: I've heard your statement.
>
> MR. McCLAIN: Okay, all right, then if that's the basis upon which you're proceeding, go ahead. Wade, you can sit down. He's paying for your time here.

*Id.* at 8-9.

The witness was then deposed. Defense counsel subsequently wrote Plaintiff's counsel requesting reimbursement of $1,023.63 for Mr. Roberts' additional travel expenses. Plaintiff's counsel did not respond and has not paid. Defendants have filed the pending motion for sanctions asking for $1,023.63 and an award of attorneys' fees incurred in bringing the motion.

**Discussion**

As a threshold matter, the Court notes it has the power to hear this dispute and grant the requested relief. It is well-settled that "[b]y its nature as a court of justice, the district court possesses inherent powers 'to manage its affairs so as to achieve the orderly and expeditious disposition of cases.'" *Wescott Agri-Products, Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). These powers include the authority "'to police lawyer conduct and to guard and to promote civility and

5

collegiality among the members of its bar.'" *Wescott Agri-Products*, 682 F.3d at 1096 (quoting *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009)).

Defendants argue that they acceded to Plaintiff's last minute request to change the location of the deposition on the condition that Plaintiff agree to pay for Defendants' increased travel costs; that Plaintiff's counsel agreed to this arrangement; and that he refuses to honor this agreement. Mem. in Supp. (Doc. 106) at 6-8. Defendants contend they truthfully stated that Mr. Carr and Mr. Wolf were not planning to attend the Michigan deposition, but they never made any representation that the two would not attend the deposition if it were moved to Independence. *Id.* at 7.

In response, Plaintiff's counsel argues that making the change "five days in advance of the scheduled deposition, [gave Defendants] plenty of time to make alternate travel arrangements." Opp'n (Doc. 111) at 2. He submits that Defendants' request that Plaintiff pay for any additional travel expenses incurred as a result was unusual, but he agreed because he wanted to be reasonable. *Id.* He claims he agreed to pay for the additional travel expenses because Mr. Roberts assured him that there would be no cost savings associated with Mr. Carr or Mr. Wolf. *Id.* at 3. He complains "Plaintiff did not agree to reimburse Mr. Roberts if the Kansas City attorneys attended the deposition." *Id.* He argues that since he "gave Defendants the option of having Wade Carr leave the deposition" and be reimbursed, they "decided to breach the agreement" by proceeding with the deposition with Mr. Carr present. *Id.* Plaintiff also suggests that "Defendants' unreasonable and dishonest litigation practices should not be rewarded." *Id.*

The Court rules as follows. First, the Court notes that Defendants could have refused Plaintiff's request outright—they were under no obligation to move the deposition, but they did the right thing and tried to accommodate Plaintiff's request. Additionally, Plaintiff's expectation that Mr. Roberts could cancel a plane flight from Los Angeles to Detroit and then rebook it for Los

Angeles to Kansas City—with hotel accommodations—on five days' notice for the same amount of money or less was unrealistic. Defendants conditioning their assent to moving the deposition on being reimbursed any additional travel expenses was reasonable. Plaintiff's counsel's intimation that he was somehow doing Defendants a favor by agreeing to reimburse them for the last minute location change is not well taken.

Second, the parties agreed that in return for Defendants' consent to move the deposition to Independence, Plaintiff would reimburse Defendants up to $1,100 for Mr. Roberts' additional travel expenses. Their agreement did not contain any condition that Defendants' Kansas City-based attorneys could not attend the Independence deposition. Although Defendants stated Mr. Wade and Mr. Wolf would not attend the deposition in Michigan (a reasonable decision to save the client's money), Defendants never represented that they would not attend the deposition if it were held in Independence.

Third, the Court rejects Plaintiff's argument that Defendants breached the agreement because Plaintiff was willing to reimburse them *if Mr. Carr left the deposition*. The Court holds Plaintiff breached the agreement by not doing what Plaintiff promised to do when Defendants agreed to move the deposition, namely pay Defendants $1,023.63.

Fourth, nothing in the record supports Plaintiff's suggestion that Defendants somehow actually saved money by agreeing to relocate the deposition. Granted, moving the deposition enabled Mr. Carr and Mr. Wolf to attend. But it cost Defendants $1,023.63 for Mr. Roberts' additional travel expenses, and it is undisputed that he was always going to take the deposition regardless of where it occurred.

Fifth, Defendants did not engage in "unreasonable" or "dishonest" litigation practices in this matter, and the Court is not "rewarding" Defendants. The Court is adjudicating a dispute

7

about the parties' agreement to move the location of the deposition and enforcing it.

Sixth and finally, Mr. McClain's conduct lacked civility before and during the deposition in describing Defense counsel as "a bunch of babies," calling them "liars," and then threatening to cancel the deposition unless Mr. Carr left. The Court expects attorneys to adhere to the "Tenets of Professional Courtesy" promulgated by the Kansas City Metropolitan Bar Association. While the Court recognizes this litigation has been hard-fought, a lawyer must be respectful with opposing counsel, avoid personal criticism of another lawyer, and not make unfounded accusations of unethical conduct about opposing counsel. Accordingly, pursuant to its inherent power to regulate the conduct of the attorneys who appear before it, the Court sanctions Plaintiff's counsel by ordering Mr. McClain to reimburse Defendants their reasonable attorneys' fees incurred in bringing this motion.

Defense counsel shall file an affidavit on or before February 2, 2015, stating the amount of reasonable attorneys' fees incurred in making this motion. Plaintiff's counsel shall then have seven days to file any response. Any response shall be limited to discussing the amount of reasonable attorneys' fees incurred and shall not exceed five pages. If Plaintiff's counsel files a response, Defendant shall have seven days to file a reply. Any reply shall not exceed five pages. The Court will then issue an order setting the amount of the sanction. The parties, however, are welcome to resolve this issue without the Court's intervention.

For the reasons discussed above, Defendants' Motion for Sanctions (Doc. 105) is GRANTED.

**IT IS SO ORDERED.**

Date:   January 26, 2015                       /s/ Greg Kays
                                               GREG KAYS, CHIEF JUDGE
                                               UNITED STATES DISTRICT COURT