IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JODELLE L. KIRK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-cv-5032-DGK |
| | ) |
| SCHAEFFLER GROUP USA, INC., | ) |
| FAG HOLDING, LLC, and | ) |
| FAG BEARINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER PARTIALLY SETTING AMOUNT OF RULE 37(C) SANCTIONS**

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE and that it caused her to develop serious illnesses.

Now before the Court is the Court's order (Doc. 231) granting Defendants' motion for Rule 37(c) sanctions. One consequence of this order is that Plaintiff's counsel must "reimburse Defendants their reasonable attorneys' fees and expenses incurred in bringing this motion." Order at 20. Defense counsel has submitted a declaration (Doc. 235) stating that their clients incurred approximately $33,000 in attorneys' fees researching, briefing, and replying to the motion. Plaintiff's counsel contends Defendants have not carried their burden of showing that the requested fees are reasonable, or that the hourly rates charged or amount of hours worked were reasonable. After carefully considering the parties' arguments, the Court rules as follows.

To begin, the Court agrees that some of the rates sought by Defense counsel—$270 and $290 an hour for two associates, and $640 an hour for a Los Angeles-based partner—are high for this market, particularly for a case that will be tried in Springfield, Missouri. While the Court

recognizes that this is a complex toxic-tort case and that Defense counsel are providing high-quality work with an emphasis on written work-product, these rates are still above-market.[1] Accordingly, the Court will order L.A. based partner Gary Roberts' services to be reimbursed at a rate of $510 an hour; associate Wade Carr's services be reimbursed at a rate of $250 an hour; and junior associate Jonathan Steele's services be reimbursed at $230 an hour. The Court finds partner Gregory Wolf's services are fairly reimbursed at $510 an hour.

As for the number of hours Defense counsel claims to have spent working on the motion, the Court finds they are all reasonable. Accordingly, Defendants shall be reimbursed for 43.4 hours of Mr. Steele's time; 25.8 hours of Mr. Carr's time; 9.5 hours of Mr. Roberts' time; and 12.1 hours of Mr. Wolf's time.

Defendants shall also be reimbursed $1,500 for time their attorneys spent reviewing the Court's sanctions order, reviewing their timekeeping records, preparing the affidavit, and responding to Plaintiff's counsels' objections.

Accordingly, the total amount Plaintiff's counsel shall reimburse Defendants for their reasonable attorneys' fees and expenses incurred in bringing the motion for sanctions is $28,948.[2] Plaintiff's counsel shall pay this amount within ten days from the date of this order.

**IT IS SO ORDERED.**

Date:  September 11, 2015           /s/ Greg Kays
                                                                                     GREG KAYS, CHIEF JUDGE
                                                                                     UNITED STATES DISTRICT COURT

---

[1] These rates are not completely unreasonable, however. Plaintiff's counsels' claims to the contrary are undercut by the fact that two years ago Plaintiff's counsel sought statutory attorneys' fees in a Colorado toxic tort case at rates ranging from $200 an hour for associates to $550 an hour for partners ($750 an hour for trial work), albeit on a contingency fee basis.

[2] This amount is calculated as follows: $9,982 for the value of Mr. Steele's time ($230/hour x 43.4 hours); $6,450 for the value of Mr. Carr's time ($250/hour x 25.8 hours); $6,171 for the value of Mr. Wolf's time ($510/hour x 12.1 hours); and $4,845 for the value of Mr. Robert's time ($510/hour x 9.5 hours). An additional $1,500 shall be reimbursed for Defense counsel's miscellaneous work described above performed in connection with the Court's order imposing sanctions.