IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., | ) | |
| FAG HOLDING, LLC, and | ) | |
| FAG BEARINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART MOTION TO LIMIT THE TESTIMONY OF PLAINTIFF'S MEDICAL PROVIDERS

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE and that it caused her to develop autoimmune hepatitis ("AIH").

Now before the Court is Defendants' Motion to Exclude And/Or Limit Testimony and Opinions of Plaintiff's Medical Providers (Doc. 166). Defendants move to limit or exclude the testimony of Plaintiff's non-retained expert witnesses—medical providers Drs. Corwin Petty, David Seidl, Oman Dement, David Jelley, Jonathan Grantham, Abigail Neighmond, Raymond Grote, and Nurse Joyce Clement—on the grounds that Plaintiff failed to provide expert reports and that their testimony is not relevant to any issue in this trial.

The motion is GRANTED IN PART. Because Plaintiff failed to provide the requisite expert reports, each provider is limited to testifying about his or her care and treatment of Plaintiff. The providers are not permitted to testify whether exposure to TCE causes AIH in humans, or whether exposure to TCE might have caused Plaintiff's AIH. Their care and

treatment of Plaintiff may be relevant to her damages, however, and so this portion of the motion is DENIED.[1]

## Analysis

**I. Because Plaintiff failed to provide expert reports from the medical providers, the Scheduling Order precludes them from offering expert testimony beyond the scope of their medical care and treatment of Plaintiff.**

As an initial matter, Defendants move to prevent Plaintiff's medical providers from offering any expert testimony beyond the scope of their medical care and treatment of Plaintiff. Defendants note the Court's June 20, 2013, Scheduling Order (Doc. 13) required Plaintiff to provide an expert report for any medical provider who was going to offer expert testimony on any matter beyond the scope of his or her medical treatment of Plaintiff, and Plaintiff has not provided any expert reports from them.

Plaintiff acknowledges that she did not provide expert reports from her medical providers, but argues the Federal Rules of Civil Procedure exempt treating physicians from this requirement. Even if they were required to submit expert reports, she states they will "testify only regarding their treatment of Plaintiff," and that they will not "provide expert testimony *beyond* the treatment provided." Pl.'s Br. (Doc. 194) at 2-3. However, two pages later in her brief Plaintiff states that she "intends to call her treating medical care providers to testify as to the care and treatment they personally provided to her *and their assessment and impressions formed during treatment*." *Id.* at 4 (emphasis added). This includes testimony from Drs. Petty and Seidl that Plaintiff's AIH was caused by exposure to TCE. *Id.* at 6.

To begin, Plaintiff's observation that the Federal Rules of Civil Procedure do not require treating physicians to submit expert reports is, in this particular case, mistaken. Although the

---

[1] The parties' request for oral argument is also denied.

default rule is that only retained experts have to provide expert reports, Rule 26(a)(2)(C) authorizes a district court to "opt-out" of this default rule and require non-retained expert witnesses, such as treating physicians, to provide such reports. Paragraph 5 of the Court's Scheduling Order does just this. In relevant part, it states:

> A treating physician will not be allowed to give expert testimony *beyond the treatment provided* by said physician unless designated as an expert as required under paragraph 3 of this section. *A treating physician who will provide expert testimony beyond the treatment provided by said physician must further comply with the requirements of paragraph 4 of this section.*

(Emphasis added.) Paragraph 4 of the Scheduling Order provides:

> 4. **Affidavits for Experts**. Along with each party's designation of expert witnesses, *each party shall provide the other parties with an affidavit from each expert witness designated pursuant to paragraph 3 of this section.* The affidavit shall include a complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Expert witnesses may testify only as to matters contained in the affidavit described above unless leave of Court is granted upon good cause shown.

(Emphasis added.) Thus, Plaintiff had to provide an expert report for any medical provider giving expert testimony beyond his or her care and treatment of Plaintiff. There is no dispute that Plaintiff did not provide any reports or affidavits from her medical providers, so they cannot provide testimony beyond their care and treatment of Plaintiff.

The question then becomes, is the scope of the proposed testimony beyond Plaintiff's care and treatment? Plaintiff suggests it is not. She contends a medical provider's opinion regarding causation is a necessary part of the patient's treatment. In support, she quotes *Navrude v. United States Postal Serv.,* No. C01-4039-PAZ, 2003 WL 356091, at *7 (N.D. Iowa Feb. 11, 2003) ("A treating physician's opinions regarding causation degree of permanent disability, and need for future medical care 'are a necessary part of the treatment of the patient.'" (quoting *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D. Colo. 1995))). But *Navrude* is not analogous. In *Navrude* the plaintiff alleged she suffered injuries when a postal truck hit her as she was walking in a crosswalk, and she proposed calling a treating doctor to testify that her injuries were caused by the truck hitting her. *Id.* at *1. The question of causation in this case—whether Plaintiff's AIH was caused by childhood exposure to TCE—is an exponentially more complex question that Plaintiff's doctors did not address, and did not need to address, to diagnose and treat Plaintiff's AIH. *See* Doc. 170-28 at 75:23-76:1; Doc. 170-29 at 44:12-16. Hence, the question is one beyond Plaintiff's care and treatment. As a result, Plaintiff's medical providers are excluded from offering any testimony or opinion concerning whether TCE could cause AIH in humans generally (general causation); and any testimony or opinion concerning whether TCE could have caused Plaintiff specifically to develop AIH (specific causation). They may, of course, testify whether they ever found any TCE in her body, and if so, at what levels.

The Court will strictly enforce this ruling. Plaintiff's counsel shall not elicit any testimony from these witnesses which might result in them mentioning the possible causes of AIH or the possible causes of Plaintiff's AIH. The sole exception shall be that the Court will permit each medical provider to briefly mention once, if applicable, that Plaintiff reported that she believed TCE exposure caused her AIH. Plaintiff's counsel shall notify the Court out of the

jury's presence before questioning any medical provider about his or her "assessment or impression formed during treatment," or asking any other question which might elicit testimony violating this ruling. Plaintiff's counsel shall inform these witnesses of this ruling so they do not accidentally violate it, and Plaintiff's counsel shall be responsible for any violations.

## II. The medical providers' testimony may be relevant.

Next, Defendants seek to exclude the testimony of Drs. Dement, Grantham, Jelley, Neighmond, Grote, and Nurse Clement on the grounds of relevancy. Defendants contend that although Plaintiff may have mentioned AIH or TCE while they were treating her, neither AIH or TCE had any impact on the medical provider's treatment of Plaintiff. For example, Defendants assert that while Plaintiff questioned Dr. Dement whether AIH might damage her ability to have children, he referred Plaintiff to specialists (her obstetrician, a hepatologist, and an immunologist) for answers to these questions. Hence, Dr. Dement's medical testimony is not relevant to any issue in this trial. In response, Plaintiff suggests that Dr. Dement's and Nurse Clement's testimony is relevant to determining whether her ability to have children has been compromised, ostensibly because they were the ones who performed the routine monitoring of her gynecological health.

Although Defendants have raised valid concerns about the relevancy of these six medical providers' testimony, the Court cannot say at the present time whether their testimony will be relevant. Depending on what evidence comes in at trial, it may well be. Accordingly, this portion of the motion is denied without prejudice.

**IT IS SO ORDERED.**

Date:  September 29, 2015              /s/ Greg Kays
                                       GREG KAYS, CHIEF JUDGE
                                       UNITED STATES DISTRICT COURT