IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JODELLE L. KIRK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:13-cv-5032-DGK |
| SCHAEFFLER GROUP USA, INC., et al., | ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE, and that it caused her to develop several serious illnesses, including autoimmune hepatitis.

Now before the Court is Defendants' motion to reconsider (Doc. 301) the Court's September 29, 2015, Order excluding defense expert Dr. B. Tod Delaney from offering testimony rebutting Drs. Lorne Everett and James Wells' first expert opinion. For the reasons discussed below, the motion is DENIED.

**Background**

Drs. Everett and Wells' first expert opinion is that Defendant FAG Bearings LLC ("FAG Bearings") released large quantities of toxic chemicals, including TCE, into the environment at its Joplin facility during the 1970s and into the 1980s. In his expert report rebutting their views, Dr. Delaney opined that: "FAG's environmental controls and the chemical and physical properties of TCE minimized the amount of TCE that entered the subsurface environment and acted to divert most of the TCE used at the facility into the air;" "although the FAG facility used

TCE in its operations and released TCE to the environment, it did not release 'large' quantities of TCE into the subsurface environment as claimed by the Plaintiff;" and the TCE released into the environment from the steam condensate system at the Joplin facility "was likely no more than . . . 1,200 – 3,900 gallons." Delaney Rep. (Doc. 176-1) at 18-19.

The Court excluded this portion of Dr. Delaney's opinion because it contradicted six facts established in prior litigation involving FAG Bearings, which the Court held was collaterally estopped from challenging in this litigation. These facts were that:

* Defendant FAG Bearings released approximately 12,000 to 25,000 gallons of TCE through waste, spills, leaks, overflowing tanks, incidental use of TCE, and dumping of "still bottoms" into the ground at FAG Bearings' facility.

* Defendant FAG Bearings' employees occasionally dumped or pumped TCE directly into the ground. The highest levels of TCE contamination were found at or near these locations.

* Defendant FAG Bearings could not account for approximately 30,000 gallons of TCE it purchased.

* Defendant FAG Bearings' vapor recovery system frequently and repeatedly malfunctioned, releasing large amounts of TCE into the air over a long period of time.

* Defendant FAG Bearings' own experts and employees have opined that these vapors then condensed and returned to the soil on Defendant FAG's property.

* The releases of TCE on Defendant FAG Bearings' property were predictable and foreseeable.

Order Partially Granting Pl.'s Second Mot. on Collateral Estoppel (Doc. 232) at 2-3.

**Standard**

This Court will not grant a motion to reconsider unless the moving party shows: (1) that it did not have a fair opportunity to argue the matter previously; and (2) that granting the motion is

necessary to correct a significant error. *Halloran v. Houlihan's Rest., Inc.*, No. 4:11-CV-01028-DGK, 2013 WL 544011, at *2 (W.D. Mo. Feb 12, 2013).

## Discussion

**I.  Defendants had a fair opportunity to argue the matter previously.**

Defendants argue that they did not a fair opportunity to argue the matter previously because Dr. Delaney's report was submitted prior to the Court's issuing its collateral estoppel rulings. But the question here is not whether Dr. Delaney knew about the Court's collateral estoppel ruling when he was writing his expert report. The question is: Did Defendants have a fair opportunity to argue previously whether the doctrine of collateral estoppel barred them from litigating the six facts identified above? The record shows they did.

In response to Plaintiff's initial motion to apply collateral estoppel, Defendants, who are all represented by the same counsel and have litigated this case in lockstep, filed an initial brief (Doc. 48) opposing any application of collateral estoppel. After the Court ordered additional briefing, Defendants submitted not one, but two supplemental briefs (Docs. 75, 80). And in response to Plaintiff's second motion to apply collateral estoppel, Defendants filed two more briefs in opposition. The first (Doc. 182) argued against applying the doctrine to establish a variety of facts, including the six facts identified above. The second brief contained slightly more than two pages specifically arguing that Dr. Delaney's opinions were not barred by the doctrine of collateral estoppel. Defs.' Suggestions in Opp'n to Pl.'s Mot. to Exclude or Limit the Opinions, Testimony and Rep. of Defs.' Expert Witness B. Tod Delaney (Doc. 183) at 2-4. Hence, Defendants' assertion that they have not had a fair opportunity to argue the matter previously is meritless.

**II. Granting the motion will not correct any error.**

Further, the Court holds granting the motion will not correct a significant error.

Defendants make two arguments on this point. First, they contend that Dr. Delaney should be permitted to give this testimony on behalf of Defendants Schaeffler Group USA, Inc. ("Schaeffler") and FAG Holding, LLC ("FAG Holding") because the Court's prior estoppel orders did not apply to these two Defendants. Second, Defendants claim that Dr. Delaney's testimony will not violate the Court's collateral estoppel rulings because "[a]n accounting of the specific amounts of TCE released at specific points in the degreasing process, or through any particular method of disposal, has never been previously adjudicated." Suggestions in Supp. (Doc. 302) at 4. Dr. Delaney's report will provide "new insight into FAG Bearings' actual operations, a technical accounting of the disposition of associated TCE losses, and [an opinion] as to the various corresponding environmental avenues by which FAG Bearings released the 30,000 total gallons of TCE—but the report does not substantively conflict with any court findings." *Id.*

Neither argument is persuasive. First, although Defendants are correct that the estoppel orders do not apply to Schaeffler or FAG Holding, that does not mean that Dr. Delaney's testimony is admissible and the Court has erred in excluding it. On the contrary, this evidence is likely inadmissible on other grounds as well. Dr. Delaney's testimony concerns operations at the Joplin plant from 1970 to 1982. Suggestions in Supp. at 3. It aims to rebut Plaintiff's contention that during this time the plant released large quantities of TCE into the environment. Assuming for the sake of argument that this testimony is relevant to Plaintiff's theory of liability against either of these Defendants and that either Defendant is a proper sponsor of this testimony,[1] the

---

[1] The Court notes that Defendants claim Schaeffler had no ownership interest in either FAG Bearings or its predecessor until 2005, and that FAG Holding did not come into existence until 2005.

4

Court would probably exclude this testimony under Federal Rule of Evidence 403. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Permitting Dr. Delaney to give testimony contesting what has been established by collateral estoppel against FAG Bearings would confuse the issues, mislead the jury, and unfairly prejudice Plaintiff. It would be analogous to instructing a jury in a car crash case that the stoplight at issue was red as a matter of law, and then admitting testimony that the light may not have been red, at least with respect to two defendants. Such a ruling is confusing for the Court; it would certainly confuse a jury. Hence, the Court has not erred in excluding this portion of Dr. Delaney's testimony.

Second, Dr. Delaney's proposed testimony contradicts the facts established by the Court's collateral estoppel rulings. For example, Dr. Delaney's conclusion that the Joplin facility likely released no more than 1,200 to 3,900 gallons of TCE, is plainly inconsistent with Judge Stevens' previous finding of fact—recognized in the Court's collateral estoppel rulings—that the facility released approximately 12,000 to 25,000 gallons of TCE during the relevant time period. Order Partially Granting Pl.'s Second Mot. on Collateral Estoppel at 2 (recognizing express finding made in *FAG Bearings Corp. v. Gulf States Paper Co.*, No. 95-5081-CV-SW-8, 1998 WL 919115, at *4-5 (W.D. Mo. Sept. 30, 1998)). Accordingly, the Court did not err in excluding this portion of Dr. Delaney's proposed testimony.

## Conclusion

Because Defendants have not shown that they did not have a fair opportunity to argue the matter previously or that the Court made a significant error, the motion to reconsider (Doc. 301) is DENIED.

**IT IS SO ORDERED.**

Date:  December 22, 2015

GREG KAYS, CHIEF JUDGE  
UNITED STATES DISTRICT COURT