IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., | ) | |
| FAG HOLDING, LLC, and | ) | |
| FAG BEARINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART MOTION TO ENFORCE**

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE and that it caused her to develop serious illnesses.

Now before the Court is Defendants' Motion to Enforce the Court's June 15, 2015, Order (Doc. 271). Defendants observe that the Court's June 15, 2015, order sanctioning Plaintiff was "remedial in nature, allowing Defendants—and Defendants only—to explore" the late-disclosed information in Plaintiff's July 14, 2014, affidavit and avoid trial by ambush. Suggestions in Supp. (Doc. 271) at 3. It did not allow Plaintiff to propose new support for her affidavit, new exposure locations, or other new information to bolster her case that should have been disclosed earlier, which Defendants suggest Plaintiff is trying to do. Defendants ask the Court to:

(1) preclude Plaintiff from presenting testimony or any evidence from (or otherwise relying on) any of the eleven individuals named in Plaintiff's July 9, 2015,[1] Rule 26(a) supplemental disclosures for any matter other than the nineteen alleged exposure locations identified in Plaintiff's affidavit;

---

[1] Defendants refer to these supplemental disclosures as the "June 9, 2015" supplemental disclosures. The Court refers to them as July 9, 2015, supplemental disclosures, because July 9 is the date provided on the certificate of service. In any event, these disclosures are part of the record as Document 271-1.

(2) preclude Plaintiff from offering any testimony or other evidence that she was exposed at any location other than her home or the nineteen locations identified in her affidavit, including the Cranor, Perkins Dingman, and Royer residences;

(3) preclude Plaintiff from presenting any testimony or other evidence from (or otherwise relying on) any individuals identified in the July 19, 2015, supplemental disclosure whom Plaintiff did not identify in her affidavit, including Brittany Cranor, Bobby Giger, Jill Perkins Dingman, and Debbie Royer;

(4) preclude Plaintiff from further supplementing her list of potential witnesses and potential exposure locations in any way;

(5) preclude Plaintiff from supplementing any of her experts' opinions;

(6) require Plaintiff to produce immediately all the documents identified in Plaintiff's supplemental disclosures, but bar Plaintiff from using them in any way without Defendants' consent; and

(7) award Defendants their reasonable attorneys' fees and expenses associated with bringing the motion.

Plaintiff opposes the motion and most of the relief sought. She states that while she "does not intend on using or relying on any information that goes beyond the Court's June 15, 2015 Order, Plaintiff respectfully disagrees that the order limits Plaintiff[] to the mere words contained within the four corners of Plaintiff's fifteen months old affidavit." Pl.'s Opp'n (Doc. 275) at 6. Plaintiff also states that "in principle Plaintiff agrees that the neighborhood exposures and theories should not be subject to addition." *Id.* But Plaintiff contends that Defendants are not asking the Court to enforce the previous order so much as exclude all information learned during the supplemental discovery phase that is injurious to their case. *Id.* at 6-7. She contends that previously unidentified witnesses—for example, Ms. Cranor, Mr. Giger, and Ms. Royer— should be allowed to testify because Defendants have not objected to allowing other witnesses to testify whom she failed to identify in her affidavit or in her supplemental disclosures. *Id.*

2

Case 3:13-cv-05032-DGK   Document 322   Filed 12/22/15   Page 2 of 4

Plaintiff contends that there is no difference between these witnesses, and that all of them should all be permitted to testify.  *Id*.

Plaintiff's arguments are unpersuasive.  Discovery closed on April 4, 2014.  The Court previously permitted the untimely and prejudicial disclosure of Plaintiff's affidavit only because not doing so might well be fatal to her case, and the Court believed it could fashion a remedy—reopening discovery—that would ameliorate the prejudice inflicted on the Defendants.  The fact that the Court previously allowed Plaintiff to make an untimely, prejudicial supplemental disclosure does not mean that Rules 26 and 37 no longer apply to her, giving her free rein to disclose new witnesses and additional possible locations of TCE exposure out of time.  On the contrary, it weighs against allowing this, particularly since doing so would prejudice Defendants.  The fact that Defendants have not objected to allowing some other late-disclosed witnesses to testify—perhaps because they believe these witnesses' testimony will not prejudice them, and may actually help their case—means Defendants may have made some strategic judgments about the likely impact of these witnesses testimony.  It is not a justification for allowing Plaintiff to continue to violate the rules of discovery.

Accordingly, Defendants' motion is GRANTED IN PART.  The Court ORDERS that:

(1) Plaintiff is precluded from presenting testimony or any evidence from any of the eleven individuals named in her July 9, 2015, Rule 26(a) supplemental disclosures for any matter other than the nineteen alleged exposure locations identified in her affidavit.

(2) Plaintiff is precluded from offering any testimony or other evidence that she was exposed at any location other than her home or the nineteen locations identified in her July 14, 2014, affidavit, including the Cranor, Perkins Dingman, and Royer residences.

(3) Plaintiff is precluded from presenting any testimony or other evidence from (or otherwise relying on) any individuals identified in the July 19, 2015,

3

supplemental disclosure whom she did not identify in her affidavit. This includes Brittany Cranor, Bobby Giger, Jill Perkins Dingman, and Debbie Royer.

(4) Plaintiff is precluded from further supplementing her list of potential witnesses and potential exposure locations.

(5) Plaintiff is precluded from supplementing any of her experts' opinions with any information that this order precludes using.

(6) Plaintiff shall produce within thirty days all documents identified in Plaintiff's July 9, 2015, supplemental disclosures, if she has not already done so.

Plaintiff is not, however, categorically barred from using these documents, many of which appear to be court documents (deposition transcripts, trial transcripts, court orders, etc.) in which a FAG entity was a named party. The Court will determine on a case-by-case basis whether Plaintiff will be allowed to use these documents. Plaintiff will be allowed to use any document which any FAG entity was previously likely aware of, such as a court document in litigation in which any FAG entity was a named party, or a document from an administrative hearing to which a FAG entity was a party.

Defendants may object to the use of any of these documents in a motion in limine.

Defendants' request for their reasonable attorneys' fees and expenses associated with bringing the motion is DENIED.

**IT IS SO ORDERED.**

Date: December 22, 2015          /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT