IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., | ) | |
| FAG HOLDING, LLC, and | ) | |
| FAG BEARINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SUMMARY JUDGMENT ARGUMENT ON PLAINTIFF'S FAILURE TO WARN CLAIM

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE, and that it caused her to develop several serious illnesses, including autoimmune hepatitis.

Now before the Court is Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment on Plaintiff's Failure to Warn Claim (Doc. 288). Plaintiff notes Defendants' Renewed Motion for Summary Judgment includes a new argument, namely that the Court should grant Defendants partial summary judgment on Plaintiff's claim for negligence based on an alleged failure-to-warn theory. Defendants contend that Plaintiff's own evidence and testimony from third parties—including individuals who were located and deposed after discovery was reopened—show that Plaintiff and her family did receive several warnings about TCE contamination.

Plaintiff contends this argument is untimely since it was not included in Defendant's initial summary judgment motion and, Plaintiff contends, this argument goes beyond the scope of additional discovery authorized by the Court.

In response, Defendants concede that this argument was not made in their initial motion, but they note that nothing in the Court's June 15, 2015, Order re-opening discovery and allowing Defendants to file a revised summary judgment motion so limits Defendants. On the contrary, a subsequent order authorized Defendants to make "any new arguments they wish[ed] to present." Doc. 274 at ¶ 2. They also observe that some of the information supporting their argument was learned from witnesses identified and interviewed *after* discovery was reopened, so the argument could not have been made in its present form before discovery was reopened.

In her reply brief, Plaintiff argues Defendants knew of Plaintiff's failure to warn claims for several years. She does not, however, discuss the text of the Court's subsequent order authorizing Defendants to make new arguments, nor does she dispute that Defendants learned additional information supporting their argument *after* discovery was reopened.

The Court finds no merit to Plaintiff's argument. The motion to strike (Doc. 288) is DENIED.

**IT IS SO ORDERED.**

Date:  December 22, 2015   　　　　　　　　　 /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT