IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JODELLE L. KIRK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-cv-5032-DGK |
| | ) |
| SCHAEFFLER GROUP USA, INC., | ) |
| FAG HOLDING, LLC, and | ) |
| FAG BEARINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE IMPROPER EVIDENCE**

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE and that it caused her to develop serious illnesses, including autoimmune hepatitis.

Now before the Court is Defendants' Motion to Strike Improper Evidence and Arguments from Plaintiff's Opposition to Defendants' Renewed Motion for Summary Judgment (Doc. 304). Defendants argue Plaintiff should not be permitted to rely upon certain exhibits in opposing summary judgment because Plaintiff failed to timely disclose four of them and ten others contain inadmissible hearsay. Defendants also move to strike all facts relying on evidence impermissibly elicited by Plaintiff's counsel during the second discovery period.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." With respect to the four exhibits, assuming for the sake of argument they were untimely disclosed, the Court holds they should not be excluded because Defendants

have not been harmed by any late disclosure. Defendants were obviously aware of these documents' existence. Defendants were aware of exhibit HH, which contains excerpts from a June 2014 EPA report titled "TSCA Work Plan Chemical Risk Assessment" released, because Defense expert B. Tod Delaney produced it and cited to it in rebutting Plaintiff's experts' report. The other three exhibits—a complaint Defendant Schaeffler Group USA, Inc. ("Schaeffler") filed in *Schaeffler Group USA, Inc. v. United States of America* (ex. QQ);[1] a published decision from this case (ex. RR);[2] and a memorandum Schaeffler filed in *Euroatlantic Airways-Transportes Aemos S.A. v. United Technologies Corp.* (ex. SS)[3]—were all either filed by Schaeffler in a federal court or sent to Schaeffler by a federal court. Hence, there is no merit to these claims.

As for the ten documents Defendants contend contain inadmissible hearsay, the Court holds that even if the relevant portions of these documents could not be presented at trial in some admissible form, their exclusion would not change the Court's holding that there are disputed questions of material fact on causation which preclude granting summary judgment.[4]

Finally, with respect to that portion of the motion requesting the Court strike all facts impermissibly elicited during the second discovery period, the Court notes it has already addressed this argument in its Order Granting in Part Motion to Enforce (Doc. 322). The Court thus denies this request as moot.

Defendants' motion is DENIED.

---

[1] United States Court of International Trade, Case No. 06-00432 (Doc. 291-17).

[2] *Schaeffler Grp. USA, Inc. v. United States*, 808 F. Supp. 2d 1358, 1360 (Ct. Int'l Trade 2012).

[3] Mem. of Law in Supp. of Mot. for Summ. J. at 4-5, *Euroatlantic Airways-Transportes Aemos S.A. v. United Technologies Corp.*, No. 3:07-cv-0950-MRK (D. Conn. Feb. 19, 2008) (Doc. 93).

[4] Of course, this ruling does not preclude Defendants from raising the issue of these documents' admissibility at trial in a subsequent motion in limine.

**IT IS SO ORDERED.**

Date:  December 30, 2015             /s/ Greg Kays
                                     GREG KAYS, CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT