IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANTS' SECOND MOTION FOR RECONSIDERATION

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE, and that it caused her to develop several serious illnesses, including autoimmune hepatitis.

Now before the Court is Defendants' second motion for reconsideration (Doc. 307). Defendants move the Court to reconsider its Order (Doc. 285) denying Defendants' motion (Doc. 162) to exclude Plaintiff's expert Dr. Thomas Zizic, M.D. In the Order, the Court assumed without deciding that Plaintiff untimely disclosed Dr. Zizic's expert opinion. Order at 11. The Court then found any late disclosure was harmless because: Defendants had ample time to prepare for Dr. Zizic's deposition; the Court subsequently postponed the trial date; and Defendants' concerns about disrupting the order of evidence at trial or having to recall out-of-town witnesses to accommodate Dr. Zizic's testimony could be addressed in a pre-trial motion. *Id.* at 12.

The Court will not grant a motion to reconsider unless the moving party shows: (1) that it did not have a fair opportunity to argue the matter previously; and (2) that granting the motion is

necessary to correct a significant error. *Halloran v. Houlihan's Rest., Inc.*, No. 4:11-CV-01028-DGK, 2013 WL 544011, at *2 (W.D. Mo. Feb. 12, 2013).

Defendants' motion fails to clear the first hurdle. Defendants allege that they previously did not have a full opportunity to argue the matter because they did not fully explain the harm they faced from Plaintiff's untimely disclosure. Suggestions in Supp. at 4. They note their briefing focused on showing that Plaintiff had, in fact, violated her Rule 26 expert discovery obligations by not disclosing Dr. Zizic's opinions in July 2014 and not as much on the harm they suffered from the untimely disclosure. *Id*. at 4-5. Defendants assert they could not have "foreseen" that the Court would actually allow Dr. Zizic to testify, so their briefing did not "focus on the primary way in which Plaintiff's violation prejudiced Defendants—by not having any opportunity to investigate, rebut, or fully address Dr. Zizic's case-in-chief opinions." *Id.* at 5-6. They contend they "could not have argued in their prior briefing" the prejudice they allegedly face now, namely, a lack of any opportunity to investigate, rebut, or fully address Dr. Zizic's opinions. *Id.* at 5. Hence they should be allowed to make additional arguments about the prejudice they face from his testimony. They argue that to eliminate or minimize this prejudice, the Court should reconsider its prior order, or alternately permit Defendants to: (1) re-depose Dr. Zizic, (2) re-depose Dr. Gilbert, and (3) disclose one or more expert opinions rebutting Dr. Zizic's opinions. *Id*. at 6-7. Defendants also ask the Court to order Plaintiff to compensate Defendants for the fees and expenses incurred as a result of the discovery violations. *Id*. at 8.

Defendants' argument is unavailing. Defendants had ample opportunity to argue previously that they would be prejudiced by not having sufficient time to fully investigate Dr. Zizic's opinions. They also had ample opportunity to ask for the remedies they now seek.

Instead, they made a strategic decision to ask for a specific remedy—striking all of Dr. Zizic's opinions—and not to ask for the less punitive remedies they now seek.

Since Defendants had a fair opportunity to argue the matter previously, Defendants' motion to reconsider (Doc. 307) is DENIED.

**IT IS SO ORDERED.**

Date:  January 4, 2016                                      /s/ Greg Kays
                                                            GREG KAYS, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT