# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| JODELLE L. KIRK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-cv-5032-DGK |
| | ) |
| SCHAEFFLER GROUP USA, INC., | ) |
| FAG HOLDING, LLC, and | ) |
| FAG BEARINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE IMPROPER EVIDENCE

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE and that it caused her to develop serious illnesses, including autoimmune hepatitis.

Now before the Court is Plaintiff's Motion to Strike Improper Evidence (Doc. 319). Plaintiff argues the Court should strike fourteen witness declarations attached to Defendants' renewed motion for summary judgment because Defendants never disclosed these witnesses as required by Federal Rule of Civil Procedure 26(a). Plaintiff also makes a conclusory assertion that Defendants' failure to provide these declarations to Plaintiff was not substantially justified or harmless, thus under Rule 37(c) the Court should exclude them.

In response, Defendants contend Rule 26 did not require them to disclose these declarations because they were used solely for impeachment purposes. Even if they were required to disclose these declarations, Plaintiff suffered no unfair surprise or prejudice. Finally, Defendants argue Plaintiff's motion is frivolous and they request that they be reimbursed their fees and expenses incurred in responding to the motion.

Rule 26(a) provides that a party must provide to the other parties, without awaiting a discovery request, the name and address of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses unless the use would be "solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i), (a)(3)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the potentially sanctioned party to prove harmlessness or justification. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

Plaintiff's motion is meritless. The Court has reviewed the declarations and finds they were offered solely to impeach Plaintiff's testimony that she was exposed to TCE at some of the many different locations in Silver Creek. Thus, Defendants were not required to disclose the declarations. Further, even if Rule 26(a) required disclosure, Plaintiff has not been harmed.

Accordingly, the motion (Doc. 319) is DENIED. Defendants' request for reimbursement is also denied.

**IT IS SO ORDERED.**

Date: January 7, 2016         /s/ Greg Kays
                              GREG KAYS, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT