IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE, and that it caused her to develop several serious illnesses, including autoimmune hepatitis.

Now before the Court is Defendants' motion to reconsider or, in the alternative, to alter or amend the January 7, 2016, ruling (Doc. 386). Pursuant to Federal Rules of Civil Procedure 54(b) and 59(e), Defendants move the Court to reconsider a portion of its Order (Doc. 333) granting in part Defendants' renewed motion for summary judgment (Doc. 278). Defendants ask the Court to reconsider its holding that Defendant Schaeffler Group USA, Inc. ("Schaeffler") is judicially estopped from denying that it previously merged with Defendant FAG Bearings Corporation ("FAG Bearings"), and that Schaeffler inherited FAG Bearings liability in the merger.

Motions to alter or amend a judgment brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted). They

cannot be used to introduce evidence that could have been offered during the pendency of the motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011). A district court has "broad discretion" in determining whether to grant a Rule 59(e) motion. *Briscoe v. Cty of St. Louis, Mo.*, 690 F.3d 1004, 1015 (8th Cir. 2012).

Alternately, if the Court construed the motion as a motion to reconsider an ordinary interlocutory order,[1] Defendants would have to show: (1) that they did not have a fair opportunity to argue the matter previously; and (2) that granting the motion is necessary to correct a significant error. *Halloran v. Houlihan's Rest., Inc.*, No. 4:11-CV-01028-DGK, 2013 WL 544011, at *2 (W.D. Mo. Feb. 12, 2013).

The Court denies the motion under either standard. The Court does so because Defendants had ample opportunity to argue the matter previously, and the Court's interest in judicial economy, discouraging seriatim briefing, and ensuring respect for the finality of its decisions weighs against granting the motion.

The history of the briefing on this issue is as follows. In her Suggestions in Opposition to Defendants' renewed motion for summary judgment, Plaintiff argued this matter at some length. She wrote:

> Defendant Schaeffler Group USA, Inc. (hereinafter "Schaeffler") should be judicially estopped from denying that it is a separate company than FAG Bearings Corp. (hereinafter "FAG Bearings") since it has taken the position in other litigation that its 2001 purchase of FAG Bearings amounted to a merger of the two companies and that it is responsible for the pre-2001 actions of FAG Bearings. In papers filed under oath before the United States Court of International Trade, Schaeffler represented that it was the

---

[1] The ruling Defendants are asking the Court to reconsider—that Schaeffler is judicially estopped from denying that it previously merged with FAG Bearings and inherited FAG Bearings' liability in the merger—is not a final judgment.

legal successor to FAG Bearings and that FAG Bearings was absorbed into Schaeffler:

> Schaeffler is a U.S. corporation with its principal place of business at Ft. Mill, South Carolina. Together with INA-USA Corporation of Ft. Mill, South Carolina, and FAG Bearings Corporation of Stamford and Danbury, Connecticut, and Joplin, Missouri, which by change of name and/or merger were absorbed into Schaeffler (and are hereby included within the definition of "Schaeffler" for purposes of this complaint)...

(SOF 119).

Defendant Schaeffler made these admissions so that it could advantageously rely on FAG Bearing's participation in an investigation which took place prior to Schaeffler's 2001 purchase. Defendant Schaeffler's position was accepted by the Court. (SOF 120). On the basis of Schaeffler's statements, the U.S. Court of International Trade Court concluded as follows:

> Plaintiff Schaeffler Group USA, Inc. ("Schaeffler"), a U.S. producer of antifriction bearings,[3] is the legal successor to two U.S. producers of antifriction bearings who participated in a 1988 investigation conducted by the ITC that
>
> _____
> [3] The Court accepts Plaintiff's undisputed representation that it is the legal successor to INA Bearing Co., Inc. and FAG Bearings Corp., and will refer to these companies interchangeably as "Schaeffler."

Defendant Schaeffler has repeatedly affirmed that it is the legal successor to FAG Bearings Corp through merger. In other litigation Schaeffler went so far as to declare that, "FAG Bearings Corp. does not exist as a separate legal entity apart from Schaeffler." Defendant Schaeffler should be judicially estopped from asserting otherwise.

The doctrine of judicial estoppel "protects the integrity of the judicial process." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (internal citations omitted). Judicial estoppel prevents a party who successfully takes a position in one judicial proceeding from then denying that position in a later judicial

3

proceeding. *Id.* "The circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)). Instead three factors are to be considered:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.*

All three of these factors weigh in favor of holding Schaeffler responsible for FAG Bearing's actions. Schaeffler has repeatedly taken the position in multiple judicial proceedings that it and FAG are really one in the same, a position clearly inconsistent with its position here. Defendant Schaeffler has been successful in asserting this position. Finally, allowing Schaeffler to benefit from its position that it and FAG Bearings are one in the same but allowing it to separate itself in this proceeding would be inequitable and tantamount to allowing Schaeffler have its cake and eat it too. For these reasons, judicial estoppel should be utilized to prevent Schaeffler from denying that it and FAG Bearings are the same entity through merger.

As a legal successor through merger or change of name to FAG Bearings, Schaeffler is responsible for the actions of FAG Bearings. Under Missouri corporate successor liability law, where one corporation sells or otherwise transfers all of its assets to another corporation, purchaser is not liable for debts and liabilities of transferor, except where purchaser expressly or impliedly agrees to assume such debts, where transaction amounts to consolidation or merger of corporations, where purchasing corporation is merely

4

> continuation of selling corporation, or where transaction is entered into fraudulently in order to escape liability for such debts. *Sherlock v. Quality Control Equip. Co.*, 79 F.3d 731 (8th Cir. 1996). Defendant Schaeffler's own judicial admissions plainly state that its 2001 purchase of FAG was a de facto merger or consolidation of corporations. Defendants cannot continue to deny the relationship between Schaeffer and FAG Bearings given Defendant's legally binding admission that FAG Bearings through "change of name and/or merger was absorbed into Schaeffler."

Suggestions in Opp'n to Defs.' Renewed Mot. for Summ. Judg. (Doc. 289) at 19-22 (footnote omitted).

Defendants answered this argument with the following 260-word response:

> Because she has no such evidence—and cannot cite admissible, record evidence to support such a claim, even if she had—Plaintiff is forced to rely on a reaching argument regarding statements that Schaeffler has made in other lawsuits. As Plaintiff's own citation makes clear, the Court cannot apply judicial estoppel based on these cases. *See Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047–48 (8th Cir. 2006). The fact that the Court of International Trade found that Schaeffler was the "legal successor" to FAG Bearings Corporation is not inconsistent with Schaeffler's position in this case. *Id.* ("[A] party's later position must be clearly inconsistent with its earlier position.") **The ITC case involved wholly different claims, a different body of governing law, and a different set of facts**. (PF 119.) Similarly, regardless of the context for Schaeffler's statement in the *Euroatlantic* case, there is no evidence that Schaeffler's "position" in that case—even if somehow inconsistent with this case—was ever adopted by the District of Connecticut. (PF 121.) In fact, that case was dismissed before the court made any determination. (*Id.*) As a result, that case cannot provide any basis for estopping Schaeffler from denying alter ego liability for a claim that Plaintiff failed to plead or support with any evidence. *See Stallings*, 447 F.3d at 1048–49 (denying judicial estoppel because there was "no judicial acceptance" of the allegedly inconsistent position in the prior litigation). Schaeffler simply cannot be liable for the actions

5

> of its subsidiary. Schaeffler's prior statements are inadmissible and
> provide no basis for imposing liability.

Reply Suggestions in Supp. of Renewed Mot. for Summ. Judg. (Doc. 297) at 13-14 (emphasis added).  As shown by the bolded text above, Defendants answered Plaintiff's argument about the Court of International Trade ("CIT") case in just a single, conclusory sentence.

After carefully considering the parties' arguments and reviewing the cases cited by them, the Court found: (1) Schaeffler's position that it is the parent company, not the successor of FAG Bearings, was clearly inconsistent with its representation to the CIT that FAG Bearings was "absorbed into Schaeffler" "by change of name and/or merger;" (2) Schaeffler had succeeded in persuading the CIT to accept its position; and (3) Schaeffler would derive an unfair advantage in this litigation if not estopped, because it would avoid any liability that it would otherwise have to Plaintiff, which would result in a miscarriage of justice.  Summ. J. Order (Doc. 333) at 13-15.  The Court concluded that Schaeffer was judicially estopped from denying that it is the successor to FAG Bearings.  *Id.* at 15.

Now, *after* the Court issued its decision, Defendants filed a long, well-researched brief arguing that judicial estoppel does not apply here.  It is an excellent piece of legal writing.  It does not, however, contain any new evidence or arguments which could not have been presented previously.  It is eleven pages of argument buttressing the arguments made in Defendants' reply brief, albeit more persuasively and in much greater detail.  *Compare* Reply Suggestions at 13-14 *with* Suggestions in Supp. of Mot. to Recons. at 3-14.  Defendants could have, and should have, presented these arguments in their reply brief, or moved to submit a supplemental brief before the Court issued its decision.  For whatever reason, they did not.

What is clear though, is that Defendants had ample opportunity to present these arguments *before* the Court issued its decision.  Because Defendants had a fair opportunity to

argue the matter previously and could have presented these detailed arguments prior to the Court's issuing its decision, the motion to reconsider (Doc. 386) is DENIED.

**IT IS SO ORDERED.**

Date:  January 29, 2016                             /s/ Greg Kays
                                                                GREG KAYS, CHIEF JUDGE
                                                                UNITED STATES DISTRICT COURT