# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| JODELLE L. KIRK, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:13-cv-5032-DGK |
| SCHAEFFLER GROUP USA, INC., et al., | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART PLAINTIFF'S MOTIONS IN LIMINE

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE, and that it caused her to develop several serious illnesses, including autoimmune hepatitis.

Now before the Court are Plaintiff's two motions in limine.

**1.  Motion to Prohibit Defendants' From Introducing Evidence Beyond the Scope of Defendants' Rule 26 Disclosures (Doc. 352).**

Plaintiff's first motion asks the Court to prohibit Defendants from "introducing evidence beyond the scope of Defendants' Rule 26 Disclosures, including but not limited to prohibiting the identification of any of the fourteen individuals listed above [in the motion] as witnesses, and any testimony of Ms. Bozman [Defendant's corporate representative] regarding facts prior to 2002." Mot. at 5. Plaintiff contends Federal Rule of Civil Procedure 26(a) required Defendants to disclose these witnesses before Defendants submitted declarations from these witnesses in conjunction with their renewed motion for summary judgment.

Defendants contend the Court has already ruled on this issue in denying Plaintiff's Motion to Strike Improper Evidence (Doc. 319). They note the Court held that "Defendants

were not required to disclose these declarations" because the declarations were used "solely for impeachment purposes." Order (Doc. 332) at 1. They point out that Plaintiff identified all fourteen declarants to Defendants in supplemental Rule 26 disclosures. Defendants also reiterate that "the declarants have been and will be used to impeach or rebut Plaintiff's allegations of exposure at various locations in Silver Creek and Saginaw that Plaintiff identified in her July 2014 affidavit," so their disclosure was not required under Rule 26. Mot. at 2 n2. Finally, they argue it is nearly impossible for them to address any specific concerns because Plaintiff has failed to identify any particular evidence, document, or testimony she would like excluded.

With respect to Ms. Bozman, Defendants observe: she is their 30(b)(6) corporate representative; that Plaintiff deposed her in both her individual and corporate-representative capacities so Plaintiff already explored the scope of her knowledge as a fact witness; and that as a corporate representative she may testify as to events that occurred prior to 2002.

The Court rules as follows. That portion of the motion seeking to exclude the fourteen individuals is DENIED for the reasons given in the Court's previous order (Doc. 332) and because the motion fails to discuss any particular evidence, document, or testimony. *See Sappington v. Skyjack, Inc.*, No. 04-5076-CV-SW-FJG, 2008 WL 895222, at *7 (W.D. Mo. March 27, 2008) (denying motion in limine which lacked specificity).

With respect to Ms. Bozman's testimony, it is unclear to the Court what, if any, specific testimony is at issue. However, given that she is a corporate representative, she may testify about matters within Defendants' corporate knowledge, even if she lacks first-hand knowledge of these matters. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006) ("[I]f a rule 30(b)(6) witness is made available at trial, he should be allowed to testify as to matters within corporate knowledge to which he testified in deposition, [and] he should be able to

present [the company's] subjective beliefs . . . as long as those beliefs are based on the collective knowledge of [the company's] personnel."). Thus this portion of the motion is also DENIED.[1]

## 2. Motion to Exclude Evidence of Wrongful-Death Lawsuit (Doc. 353).

Plaintiff's second motion seeks to preclude Defendants from mentioning in any way a wrongful-death lawsuit Plaintiff's family filed against Wal-mart following the death of Plaintiff's father in a Wal-mart store during the 2011 Joplin tornado. The lawsuit alleged the store was unsafe, and Plaintiff sought damages for, among other things, emotional distress. The lawsuit settled two years after it was filed. The terms of the settlement are not part of the record.

Plaintiff is concerned that Defendants will attempt to elicit evidence of this prior lawsuit to unfairly depict Plaintiff as a litigious person, something Eighth Circuit caselaw discourages. *See Batiste-Davis Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008) (holding district court abused its discretion in allowing evidence of a single, unrelated, six year-old lawsuit because the probative value of the evidence was substantially outweighed by its prejudicial effect).

Defendants argue that they are not seeking to accuse Plaintiff of being litigious. Rather, they contend the prior lawsuit is relevant and material to Plaintiff's claim for emotional distress, arguing that any emotional distress Plaintiff experienced during this time was due to: (1) stress caused by her father's death, and (2) the stress of litigating the wrongful-death lawsuit. In support of their first argument, Defendants note that Plaintiff admitted in her deposition that she sought emotional damages in the wrongful-death case, so it is difficult for her to deny that his death did not cause some stress. They also argue that to extent that she has already been compensated for her emotional/mental distress during this time period, they are entitled to seek a reduction in her damage to prevent a duplicative recovery in this case. In support of their second

---

[1] Of course, if Defendants elicit testimony from Ms. Bozman during trial about matters they objected to Plaintiff inquiring about during her deposition or during the initial phase of discovery, the Court may revisit its ruling.

3

argument, Defendants cite medical literature describing how individuals can suffer emotional injuries, "Litigation Response Syndrome," from the stress of the litigation process.

The Court holds the probative value of this evidence is substantially outweighed by its prejudicial effect.  Defendants are prohibited from mentioning the prior lawsuit or litigation in any way.  Defendants may, however, inquire about whether the death of her father may be responsible for any emotional distress stress she suffered.  Defendants may also ask Plaintiff: (1) if she sought compensation for emotional distress in connection with her father's death; (2) if she was compensated for her father's death; and (3) if any portion of this compensation was specifically for emotional damages.  This questioning shall be brief and limited, and shall not mention or allude to litigation or lawyers in any way.

This motion is GRANTED IN PART.

**IT IS SO ORDERED.**

Date:  February 12, 2016           /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT