IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER RULING ON DEFENDANTS' REMAINING MOTIONS IN LIMINE

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Plaintiff alleges she was exposed to the TCE, and that it caused her to develop several serious illnesses, including autoimmune hepatitis ("AIH").

Now before the Court are four defense motions in limine the Court was withholding ruling on until it decided whether to bifurcate the trial. In a companion order, the Court has ordered bifurcation. The Court now rules as follows on Defendants' fourth (Doc. 337), tenth (Doc. 343), eleventh (Doc. 344), and sixteenth motions in limine (Doc. 349).[1]

**4.   Motion to Exclude Evidence or References to Prior Cases Involving Shannon Lewis and Other Personal Injury Claimants Against Defendants (Doc. 337).**

Defendants move to preclude Plaintiff from referring to the lawsuit filed by Shannon Lewis in *Lewis v. FAG Bearings Corp.*, 5 S.W.3d 579 (Mo. Ct. App. 1999), or any other personal injury claimants against Defendants. Mot. at 3. Defendants argue that such lawsuits are

---

[1] To save space, throughout both this Order and the Court's order on Plaintiff's motions in limine, when the Court directs "Plaintiff" or "Defendants" to do something, that directive applies to the litigant and the litigant's attorneys, experts, witnesses, and anyone else to whom the directive could conceivably apply. Similarly, when the Court precludes a litigant from "referring to" something, it precludes the litigant from offering, introducing, referencing, or making any argument concerning the matter. If counsel is unsure whether a question or evidence might violate a ruling in limine, he or she should approach the bench first, outside of the jury's hearing.

not relevant to this case or probative of Plaintiff's claims, and that to the degree there is any probative value to them, the probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Plaintiff argues that Ms. Lewis' injuries are relevant to demonstrate causation, that is, that TCE contamination can generally cause "harm" in humans. Plaintiff also contends that the circumstances giving rise to her claims are substantially similar to those that gave rise to Ms. Lewis' claims; therefore Ms. Lewis' injuries are relevant to demonstrating that Defendants had notice that TCE contamination could cause harm. Also, in her response to Defendants' tenth motion in limine, she argues *Lewis* is admissible to show the reprehensibility of Defendants' conduct.

As the Court noted in its first order concerning collateral estoppel (Doc. 131), the question in this case is whether the groundwater contamination at Silver Creek caused Plaintiff's health problems. Ms. Lewis suffered from "brain damage, cognitive defects, personality changes, fatigue, muscle aches, headaches, malaise, and upper respiratory problems." *Lewis*, 5 S.W.3d at 581. These health problems are different from those Plaintiff allegedly suffers from—AIH, steroid-induced diabetes, and an increased risk of cancer. *Lewis* and the other personal injury cases did not litigate whether TCE causes AIH or cancer in humans, much less whether TCE caused Plaintiff's AIH or put her at an increased risk of cancer. Consequently, these cases are not relevant to general causation or specific causation in this case.[2]

With respect to notice, the Court holds that other personal injury lawsuits are marginally relevant to whether Defendants had notice that TCE could cause health problems. However, the probative value of this evidence is substantially outweighed by the potential for confusion of the

---

[2] General causation concerns whether TCE can cause AIH in humans; specific causation concerns whether TCE caused Plaintiff's AIH.

issues and unfair prejudice, since the jury could easily become confused and believe the *Lewis* decision established causation in this case. Further, if the Court allowed Plaintiff to refer to the *Lewis* case, it would have to permit Defendants to argue the differences between Ms. Lewis' injuries and Plaintiff's AIH which would cause undue delay and waste of time in an already lengthy trial.

That said, the Lewis case may be admissible to show the reprehensibility of Defendants' conduct, subject to Plaintiff demonstrating that she was exposed to TCE after the jury in the *Lewis* case reached its verdict.[3]

The motion is GRANTED IN PART. This evidence shall not be admissible during the liability/compensatory damages phase of trial, but may be admissible during a punitive damages phase of trial.

**10.  Motion to Exclude References to Plaintiff's Punitive Damages Claims (Doc. 343).**

In the introduction and conclusion sections of this motion, Defendants seek to preclude Plaintiff from making any reference to a claim for punitive damages. Mot. at 4. The body of the motion, however, only discusses four categories of evidence, and so the Court confines the motion and its ruling to these categories. Mot. at 2-3; *see Sappington v. Skyjack, Inc.*, No. 04-5076-CV-SW-FJG, 2008 WL 895222, at *7 (W.D. Mo. Mar. 27, 2008) (denying motion in limine which lacked specificity).

Defendants argue Plaintiff should not be permitted to:

i.  Refer to or introduce evidence of any number of other people (including Shannon Lewis) in Silver Creek or Saginaw allegedly exposed to and/or harmed by TCE released on the FAG Bearings' property.

ii. Refer to or introduce evidence of FAG Bearings' past conduct that Plaintiff has not connected to her injuries, including that: FAG Bearings was "recalcitrant" in

---

[3] The Court refers the parties to its ruling on Defendants' tenth motion in limine.

dealing with the Missouri Department of Natural Resources ("MDNR"); that "the State of Missouri [was] forced to spend hundreds of thousands of dollars from its own budget to investigate the contamination at FAG;" or that "FAG misled defendants [i.e., other companies], its own experts and the Court regarding its use of TCE." *See FAG Bearings Corp. v. Gulf States Paper Co.*, No. 95-5081-CV-SW-8, 1998 WL 919115, at *7, *43 (W.D. Mo. Sept. 30, 1998).

iii. Refer to or introduce evidence of other prior conduct of FAG Bearings, such as FAG Bearings not permitting Donald Van Dyke on its property to observe a pump test of area groundwater, or other "wrongdoings" that FAG Bearings allegedly committed against MDNR and the State of Missouri.

iv. Refer to or introduce evidence of FAG Bearings' post-1991 conduct during the State's investigation of the TCE contamination.

Mot. at 2-3. In support, Defendants argue Plaintiff cannot seek punitive damages based on conduct: (1) that harmed others, but not herself; (2) that is unrelated to her alleged injury; or (3) that the *Lewis* court has already held does not support an award of punitive damages.

Plaintiff responds that she is permitted to introduce evidence of harm to others to show the reprehensibility of Defendants' conduct. Plaintiff contends the *Lewis* case is distinguishable because Ms. Lewis' claims were based upon exposure to TCE while living in Silver Creek between 1985 and 1989, and she failed to submit any proof that FAG Bearings was aware prior to 1991 that any wells were contaminated with TCE. Thus, Ms. Lewis failed to make a submissible case for punitive damages. Plaintiff contends there is no question here that FAG Bearings was aware of the TCE contamination during the time frame of Plaintiff's alleged exposed.

The Supreme Court has held that while a punitive damages award may not be used for the purpose of punishing a defendant for harming others, "a plaintiff may show harm to others in order to demonstrate reprehensibility," which is part of the punitive damages equation. *Philip Morris USA v. Williams*, 549 U.S. 346, 354-55 (2007). The Court explained:

4

> Evidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible—although counsel may argue in a particular case that conduct resulting in no harm to others nonetheless posed a grave risk to the public, or the converse. Yet . . . a jury may not go further than this and use a punitive damages verdict to punish a defendant directly on account of harms it is alleged to have visited on nonparties.

*Id*. at 355.[4] Thus, during the punitive damages phase, Plaintiff may introduce evidence that Defendants' behavior harmed others, or risked harming others, to demonstrate reprehensibility, subject to any other limitations on admissibility.[5] To comply with *Williams*, the Court will carefully instruct the jury on this point.

Further, while the Court agrees that Defendants cannot be punished for conduct that is unrelated to Plaintiff's alleged injury, it appears that Plaintiff is merely complaining about the same behavior for which Ms. Lewis sued FAG Bearings; namely, releasing TCE into the environment from its Joplin facility, thereby exposing her to TCE.

Consequently, Defendants' motion is DENIED. This evidence will likely be admissible during any punitive damages phase.

**11. Motion to Exclude References to the Alleged Ineffectiveness of Defendants' Remediation Plan (Doc. 344).**

Defendants request the Court exclude any reference to the selection, appropriateness, or alleged inadequacy of the natural attenuation remediation plan selected by the MDNR and the

---

[4] In their motion, Defendants quoted that part of the decision holding that a punitive damages award based solely on harms done to a non-party "amount[s] to a taking of property from the defendant without due process." Mot. at 1 (quoting *Williams*, 549 U.S. at 349). While Defendants accurately quoted this portion of the court's opinion, their failure to note that the Supreme Court held in the same decision that a plaintiff may introduce evidence of harm to others to demonstrate reprehensibility is exasperating. The Court expects litigants to note contrary binding authority by use of appropriate signals, for example, "*but see*" or "*but cf*.," and then to cite that contrary binding authority; in this case, the *Williams* opinion at pages 354-55.

[5] The Court refers the parties to its ruling on Defendants' fourth motion in limine.

Environmental Protection Agency ("EPA") for the Newton County Wells Site. Mot. at 1. Defendants argue that the plan, including how the MDNR and EPA selected it and how it has been implemented, concerns events occurring after Plaintiff's AIH diagnosis and is not probative of any material fact in this case. They also contend this evidence should be excluded under Federal Rule of Evidence 403 because it would be unfairly prejudicial to Defendants and confusing to the jury.

Plaintiff contends the MDNR and EPA's selection of the remediation plan is admissible to show causation. She claims Defendants' history of obstruction and concealment of the contamination delayed any remediation plan for several years, thus allowing the TCE to continue to flow uninhibited into Plaintiff's neighborhood.

Plaintiff also argues the plan is ineffective, and that the plan's effectiveness is relevant to her punitive damages claim as it evidences a pattern and practice of wrongful conduct by Defendants. This wrongful conduct includes spending years denying responsibility for the contamination, failing to investigate the contamination, failing to assist in the remediation, and providing the government with misleading data. Plaintiff notes that in awarding punitive damages, Missouri law permits a jury to consider the wrongfulness of the Defendants' conduct and whether it is part of a pattern and practice of misconduct. *See Kerr v. Vatterott Educ. Centers, Inc.*, 439 S.W.3d 802, 816 (Mo. Ct. App. 2014).

The Court holds that this evidence is not relevant to causation, but is relevant to punitive damages. Accordingly, this evidence shall not be admissible during the liability/compensatory damages phase, but will be during any punitive damages phase. The motion is GRANTED IN PART.

6
Case 3:13-cv-05032-DGK   Document 454   Filed 02/24/16   Page 6 of 7

**16. Motion to Exclude Evidence of or References to FAG Bearings' Prior Litigation Beyond the Court's Collateral Estoppel Rulings, and to Exclude Mischaracterizations of Such Rulings (Doc. 349).**

Defendants move to exclude any reference to prior litigation[6] involving FAG Bearings beyond the Court's collateral estoppel rulings. Defendants argue that such evidence is hearsay for which no hearsay exception exists, and that such evidence is not probative of the issues in this case. Defendants do not identify any specific evidence or ruling from these prior cases they seek to exclude.

Plaintiff argues that she is at a loss to respond to the motion because it does not specify any particular evidence or ruling. She contends that decisions from prior cases generally contain relevant information which is not hearsay or is an exception to the hearsay rule, and the probative value of this evidence outweighs any prejudice.

The Court declines to rule on the motion because it lacks specificity. *See Sappington*, 2008 WL 895222, at *7. The motion is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  February 24, 2016                             /s/ Greg Kays                         
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT

---

[6] This litigation includes, but is not limited to: *FAG Bearings Corp. v. Gulf States Paper Co.*, No. 95-5081-CV-SW-8, 1998 WL 919115 (W.D. Mo. Sept. 30, 1998); *Lewis*, 5 S.W.3d 579; *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, No. 94-0241-CV-W-8, slip. op. (W.D. Mo. May 14, 1996), *aff'd*, 153 F.3d 919 (8th Cir. 1998); and *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, Case No. 99-5017-CV-SW-3, 2001 WL 34118390 (W.D. Mo. May 21, 2001), *aff'd*, 335 F.3d 752 (8th Cir. 2003).