IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| SCHAEFFLER GROUP USA, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**<u>SUPPLEMENTAL ORDER ON DEFENDANTS' FIRST MOTION IN LIMINE</u>**

Now before the Court is the parties' supplemental briefing (Docs. 436, 439) on a portion of Defendants' first motion in limine (Doc. 334).

On February 12, 2016, the Court ordered the parties (Doc. 417) to submit supplemental briefing on Defendants' claim that Plaintiff never disclosed any facts or documents supporting Dr. Wells' expert opinion that the estimated TCE level at Plaintiff's childhood home is "broadly consistent" with the finding of 11µg/L from well number 274 located on Burgess Street. The Court ordered Plaintiff to identify in her brief the materials she disclosed to Defendants containing the facts supporting this opinion. Order at 3.

Plaintiff has submitted her brief and it identifies the source of this data: The 11µg/L data from well number 274 was contained in a report Defendant FAG Bearings Corp. submitted to the Missouri Department of Natural Resources ("MDNR") and the Environmental Protection Agency ("EPA") several years ago. Dr. Wells produced this report during his deposition in November of 2014, and he identified it as material he relied on in formulating his opinion. Defendants also had a fair opportunity to question Dr. Wells about this data and his reliance on it.

In their response, Defendants abandon their claim that Plaintiff failed to produce the data during discovery, arguing instead that the data from well number 274 is incorrect. They contend this test data is one of several incorrect test results that were mistakenly submitted to the MDNR and EPA fifteen years ago. Defendants contend the 11µg/L test result was caused by a data entry error; that the data is invalid; that Plaintiff and Dr. Wells knew this; and that Plaintiff and her experts should be precluded from testifying about or referring to this test result during trial.

The Court finds Plaintiff committed no discovery violation here. Further, while Defendants may have a good argument that this data is incorrect and the jury should discount Dr. Wells' opinion because it is based on this data, this argument goes to the weight the test result and Dr. Wells' testimony should be given, not its admissibility. Accordingly, this portion of Defendants' motion in limine (Doc. 334) is DENIED.

**IT IS SO ORDERED.**

Date:  February 26, 2016              /s/ Greg Kays
                                      GREG KAYS, CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT