IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO STRIKE WITNESSES

Now before the Court is Defendants' "Motion to Strike Plaintiff's Improper Witnesses" (Doc. 406). Defendants move to preclude Plaintiff from presenting any testimony, live or through the designation of deposition testimony, from fourteen witnesses: Leslie "Annie" Bickett, Tim Bickett, Samuel Charles, Gino DiTomaso, Jack Horine, John Kelly, Shannon Lewis, John Macaulay, Sally Macaulay, Pam Powers Stanley, Kelly Strella, Rodney Strella, Cheryl Vincent Thompson, or James Truelove.

The motion is denied with respect to testimony from Leslie "Annie" Bickett, Tim Bickett, Jack Horine, John Kelly, John Macaulay, Sally Macaulay, Pam Powers Stanley, Kelly Strella, Rodney Strella, and Cheryl Vincent Thompson. These nine fact witnesses were identified with reasonable particularity and, in any event, Defendants appear to have interviewed or deposed them all so their testimony will not be unfairly prejudicial.

The motion is GRANTED with respect to any testimony from the remaining five witnesses: Mr. Charles, Mr. DiTomaso, Mr. Kelly, Ms. Lewis, and Mr. Truelove. Mr. Charles, Mr. Kelly, and Mr. Truelove are all former FAG employees who testified in *Lewis v. FAG Bearings Corp.,* Newton Cty., Mo., Circuit Court Case No. CV392-747CC (1999). Mr.

DiTomaso is a former vice president of finance for Defendant FAG Bearings who was deposed in *Black v. FAG Bearings Corp.*, Newton Cty., Mo., Circuit Court Case No. CV396-264CC.  Ms. Lewis was the Plaintiff in the *Lewis* case.

The motion is granted with respect to them for three reasons.  First, Plaintiff's late disclosure of these witnesses testimony violates the Court's December 22, 2015, Order expressly precluding Plaintiff "from further supplementing her list of potential witnesses."  Order Granting in Part Mot. to Enforce (Doc. 322) at 4.  These witnesses were not properly identified in Plaintiff's initial or supplemental Rule 26 disclosures.  Ms. Lewis was never identified with any kind of particularity; she is merely one of the many witnesses in the ten lawsuits Plaintiff identified in her supplemental disclosures as having "files, papers, exhibits, deposition transcripts, trial transcripts, expert reports, administrative hearing transcripts, statements, and other documents" which might be used to support her claims.  Pl.'s Suppl. R. 26(a) Initial Disclosures (Doc. 396-1) at 5-6.  With respect to the other four, although Plaintiff included a blanket designation in her Rule 26(a) disclosures for all "employees or former employees of Defendants," such blanket designations do not satisfy Rule 26(a)(1)(A)(i)'s requirement that a party identify each individual with discoverable information.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring a party to "provide to the other parties: (i) the *name* and, if known, the address and telephone number of each individual likely to have discoverable information").

Second, the Court is convinced that Plaintiff's last minute disclosure of Plaintiff's intent to rely on these individuals testimony has deprived Defendants of the ability to depose or otherwise investigate and conduct discovery into their potential testimony and impeachment of their testimony.  Consequently, their testimony should be excluded under Rule 37(c)(1).

2

Third and finally, it appears these individuals testimony is not admissible under the Federal Rules of Evidence because it cannot be properly authenticated. In fact, it is doubtful whether any testimony these individuals gave in these other cases would be relevant or admissible to this lawsuit.

The motion (Doc. 406) is GRANTED IN PART.

**IT IS SO ORDERED.**

Date:  February 28, 2016                                    /s/ Greg Kays
                                                            GREG KAYS, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT