# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| JODELLE L. KIRK, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:13-cv-5032-DGK |
| SCHAEFFLER GROUP USA, INC., et al., | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART PLAINTIFF'S OBJECTION TO DON VAN DYKE'S TESTIMONY

Now before the Court is Plaintiff's objection and motion to strike expert testimony from Don Van Dyke (Doc. 431 at 9-10), the project manager for the Missouri Department of Natural Resources at the Newton County Superfund site.[1] Mr. Van Dyke, a non-retained expert witness, has not submitted any expert report.

Plaintiff moves to preclude Defendants from offering any testimony from Mr. Van Dyke, or alternately, to limit his testimony to the expert opinions listed in Plaintiff's Rule 26(a)(2) disclosures.

Defendants respond that they are entitled to call Mr. Van Dyke as an expert witness.[2] They contend: (1) the lack of any expert report from him does not bar his expert testimony since he was not required to submit an expert report under Rule 26(a)(2); and (2) because Plaintiff's designated him as an expert witness pursuant to paragraph three of the Court's Scheduling and

---

[1] In ruling on the motion, the Court has considered Defendants' Suggestions In Opposition (Doc. 457), Defendants' Supplemental Suggestions (Doc. 485), and Plaintiff's additional Suggestions to Preclude (Doc. 486).

[2] The scope of the expert testimony on which Defendants claim he is entitled to give is unclear; it seems to have changed over the course of the briefing. Defendants initially argued they should be allowed to "elicit testimony from him regarding the subjects for which Plaintiff designated him as a expert." Defs.' Suggestions (Doc. 457) at 2. Defendants now appear to be arguing he can testify about virtually any topic on which he might qualify as an expert, including the accuracy of Dr. Everett's proposed TCE plume. Defs.' Br. (Doc. 485) at 4-5.

Trial Order, Defendants may call him to testify as an expert witness, even though he has not submitted an expert report.

For the following reasons, Plaintiff's objections are sustained in part. Mr. Van Dyke is not permitted to testify as an expert witness.

## DISCUSSION

### A. Neither party may call Mr. Van Dyke as an expert witness.

As a threshold matter, neither party may call Mr. Van Dyke to testify as an expert witness because the Court long ago ordered that all experts, retained or not, must provide an expert report. The Court begins with the text of the applicable rule of civil procedure, which is Rule 26(a)(2)(B). It begins, "Unless otherwise stipulated or ordered by the court," thus the default rule listed in Rule 26(a)(2)(B) does not apply if the Court has ordered otherwise

And the Court has ordered otherwise. On June 20, 2013, the Court entered its Scheduling and Trial Order ("Scheduling Order") (Doc. 13). Paragraph three of the Scheduling Order lists the deadline to designate expert witnesses, and it states this deadline "applies to *all witnesses retained or non-retained* from whom expert opinions will be elicited at trial." (Emphasis added.) Paragraph four then adds that, "Along with each party's designation of expert witnesses, each party shall provide the other parties with an affidavit [the expert report] *from each expert witness designated pursuant to paragraph 3* of this section." (Emphasis added.) Thus, the Court has ordered that all experts, retained and non-retained, must provide an expert report to testify as an expert.[3]

Defendants' observation that "the Court has previously held that 'Rule 26(a)(2) does not require [parties] to disclose the facts or opinions of its non-retained expert[s],'" is irrelevant and

---
[3] Paragraph five of the Scheduling Order provides a partially exemption for certain testimony from treating physicians, but this exception is not applicable to Mr. Van Dyke's testimony.

misguided. Defs.' Br. (Doc. 485) at 2 (quoting *Weitz Co., LLC v. MH Washington, LLC*, No. 06-0559-CV-W-DGK, 2008 WL 8625900, at *1 (W.D. Mo. Sept. 15, 2008). While the quoted language is strictly speaking accurate—the Court did enter such an order containing such language—the order is taken out of context. The Court made the ruling it made in the *Weitz* case because the scheduling order in that case was substantively different. The scheduling order in *Weitz* did not contain any of the language quoted above stating that all experts, retained or non-retained, must submit an expert report. *Compare* Scheduling Order (Doc. 13) at ¶¶ 3-4, *with Weitz Co., LLC v. MH Washington, LLC*, No. 06-0559-CV-W-DGK, Scheduling and Jury Trial Order (Doc. 20) (W.D. Mo. filed October 10, 2006).[4]

Similarly, Defendants' citation to various cases holding that non-retained expert witnesses do not have to submit expert reports is irrelevant because these cases are not analogous. They do not contain scheduling order in which the court required non-retained experts to submit expert reports.

**B.     Allowing Defendants to call Mr. Van Dyke as an expert would prejudice Plaintiff.**

The Court further finds that allowing Defendants to call Mr. Van Dyke as an expert witness on the topics Defendants propose having him testify about would prejudice Plaintiff because it would deprive her of the opportunity to challenge his opinions under Federal Rules of Evidence 702 and 703. For example, although Plaintiff previously designated him as an unspecified expert, she did not designate him as an expert in hydrology, which appears to be at

---

[4] The Honorable Judge Laughrey entered the scheduling order in *Weitz*, and her scheduling order is materially different from the one used in this case. Judge Laughrey's scheduling order does not require non-retained experts to submit expert reports. *See Weitz Co., LLC v. MH Washington, LLC*, No. 06-0559-CV-W-DGK, Scheduling and Jury Trial Order (Doc. 20) (W.D. Mo. filed October 10, 2006). The *Weitz* case was transferred to the undersigned shortly before trial, in August of 2008. Thus, when the Court was called upon to make its ruling about expert witnesses in the *Weitz* case, it was applying Judge Laughrey's scheduling order, an order which did not require non-retained experts to submit expert reports.

least one of the subjects on which Defendants would like him to offer expert testimony. After briefly reviewing his credentials, the Court has deep concerns about whether he is qualified to offer an expert opinion as a hydrologist, toxicologist, or any number of other specialties.

## CONCLUSION

Plaintiff's objection (Doc. 431 at 9-10) to Don Van Dyke's testimony is SUSTAINED IN PART. Mr. Van Dyke is not permitted to testify as an expert witness.

**IT IS SO ORDERED.**

Date:  March 7, 2016                         /s/ Greg Kays
                                            GREG KAYS, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT