IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

JODELLE L. KIRK,                          )
                                          )
                    Plaintiff(s),         )        Case No. 13-05032-CV-SW-DGK
                                          )
        vs.                               )
                                          )
SCHAEFFLER GROUP USA, INC., et al.,       )
                                          )
                    Defendant(s).         )

<u>JURY INSTRUCTIONS GIVEN</u>

## INSTRUCTION NO. 1

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

## INSTRUCTION NO. 2

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later –are equally important and you must follow them all.

This is a civil case brought by the Plaintiff against the Defendants. Plaintiff alleges that the Defendants caused her to be exposed to trichloroethylene (TCE), which injured her. The Defendants deny these allegations. It will be your duty to decide from the evidence whether the Plaintiff is entitled to a verdict against the Defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or I think your verdict should be.

## INSTRUCTION NO. 3

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## INSTRUCTION NO. 4

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

# INSTRUCTION NO. 5

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Courtroom Deputy Clerk, Ms. Francis, will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in your chairs.

When you leave at night, your notes will be locked up and will not be read by anyone.

## INSTRUCTION NO. 6

To make sure this trial is fair to all parties, you must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the courtroom deputy, Ms. Francis, and she will report it to me.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But you must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your

verdict or until I give you specific permission to do so. If you talk about the case with someone other than the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case before you

could do anything about it.  If you want, you can have someone clip out any stories and set them aside to give to you after the trial is over.  I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

I suggest taking all of this following paragraph out:  The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by  inaccurate, incomplete, or misleading information. Witnesses here in court take an oath  to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed all the evidence.

**INSTRUCTION NO. 7**

The trial will proceed in the following manner:

First, the Plaintiff's lawyer may make an opening statement. Next, the Defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the Plaintiff will then present evidence. The Defendants' lawyer will have a chance to cross-examine the Plaintiff's witnesses. After the Plaintiff has finished presenting her case, the Defendants may present evidence, and the Plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law, and you will go to the jury room to deliberate and decide on your verdict.

## INSTRUCTION NO. 9

The Plaintiff and the Defendants have stipulated—that is, they have agreed—that certain facts are as counsel have just stated. You should, therefore, treat those facts as having been proved.

## INSTRUCTION NO. 10

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of all of the instructions in the jury room. Remember, you have to follow all instructions, no matter when I have given them, whether or not you have written copies.

**INSTRUCTION NO. 11**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries were used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records, or other underlying evidence.

**INSTRUCTION NO. 12**

Testimony has been presented to you in the form of depositions by witnesses Kyle Parrish, Dustin Vincent, and Dr. Corwin Petty. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The depositions were electronically videotaped and the recordings played for you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testified here in person.

## INSTRUCTION NO. 13

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.

## INSTRUCTION NO. 14

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 15

You will have to decide whether certain facts have been proved. A fact has been proved if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**INSTRUCTION NO. 16**

In this case, Defendants are corporations. The mere fact that Defendants are corporations does not mean they are entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

## INSTRUCTION NO. 17

You have heard evidence during trial related to various documents from government entities—including the U.S. Environmental Protection Agency ("EPA") and the Minnesota Department of Health—that identify permissible levels for TCE in water. These include a 5-parts-per-billion level established by the EPA, and a 0.4-parts-per-billion level established by the Minnesota Department of Health. Bear in mind, however, that exceeding these numbers does not in and of itself establish causation in this case, though it may be considered by you in determining causation. Government entities such as the EPA and the Minnesota Department of Health may well regulate a substance because of its potential, rather than actual, harm.

**INSTRUCTION NO. 18**

The term "negligent" or "negligence" as used in these instructions means the failure to use that degree of care that an ordinarily careful company would use under the same or similar circumstances.

**INSTRUCTION NO. 8A**

The Court has previously established that Defendant FAG Bearings, LLC ("FAG Bearings") released trichloroethylene ("TCE") into the environment near Plaintiff's childhood home. To speed the trial along, the Court will instruct you on these facts now. You must accept these facts as proven in this case. The parties, their attorneys, and witnesses may refer to these facts from time to time during the course of the trial:

1.    FAG Bearings, LLC, is the same entity as FAG Bearings Corporation.

2.    Defendant Schaeffler Group USA, Inc. is the successor to FAG Bearings Corporation.

3.    FAG Bearings operated a manufacturing facility at 3900 Rangeline Road, Joplin, Missouri, until at least June 6, 2005.

4.    FAG Bearings released TCE into the environment in a number of different ways.

5.    FAG Bearings released approximately 12,000 to 25,000 gallons of TCE through waste, spills, leaks, overflowing tanks, incidental use of TCE, and dumping of "still bottoms" into the ground at FAG Bearings facility.

6.    During investigations at FAG Bearings' facility from 1991 to 1996, TCE or TCE-related chemicals were detected in at least 36 different locations across the FAG Bearings facility.

7.    FAG Bearings' employees occasionally dumped or pumped TCE directly into the ground. The highest levels of TCE contamination were found at or near these locations.

8.    The "trail," or plume, of contamination runs directly from these locations to residential wells located south of FAG Bearings' property.

9.    FAG Bearings was "100%" responsible for the TCE contamination in Silver Creek, Saginaw, and on FAG Bearings' property.

10. FAG Bearings could not account for approximately 30,000 gallons of TCE it purchased.

11. FAG Bearings' vapor recovery system frequently and repeatedly malfunctioned, releasing large amounts of TCE into the air over a long period of time.

12. FAG Bearings' own experts and employees have opined that these vapors then condensed and returned to the soil on FAG Bearings' property.

13. The releases of TCE on FAG Bearings' property were predictable and foreseeable.

14. FAG Bearings knew that the vapor recovery system malfunctioned and allowed TCE to escape regularly and repeatedly.

15. While FAG Bearings repaired the vapor recovery system frequently, it apparently did not take appropriate steps to prevent the systems from malfunctioning or operating.

16. Defendant FAG Bearings was the sole cause of the TCE contamination in the groundwater at Silver Creek.

## INSTRUCTION NO. 19

Your verdict must be for Plaintiff if you unanimously believe:

*First*, Defendants were negligent (as submitted in Instruction Number 18) in their handling, use, or disposal of trichloroethylene ("TCE") at the Joplin plant, or in failing to properly warn Plaintiff of the TCE contamination; and

*Second*, such negligence directly caused or contributed to cause damage to Plaintiff, which in turn requires proof that:

    a.    Exposure to TCE can cause autoimmune hepatitis ("AIH") in humans;

    b.    Plaintiff has been diagnosed with AIH;

    c.    Plaintiff was exposed to TCE in an amount sufficient to cause her AIH; and

    d.    Plaintiff's AIH is consistent with exposure to TCE.

## INSTRUCTION NO. 20

Your verdict must be for Defendants unless each element in Instruction 19 has been proved.

## INSTRUCTION NO. 21

If you find in favor of Plaintiff, then you must award her such sum as you unanimously believe will fairly and justly compensate her for any damages you believe she sustained, and is reasonably certain to sustain in the future.

# INSTRUCTION NO. 22

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the courtroom deputy, Ms. Francis, and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. The form reads: (read form). You will take this form to the jury room, and when you have all agreed on the verdict, your

foreperson will fill in the form, sign and date it, and tell Ms. Francis that you are ready to return to the courtroom.

## INSTRUCTION NO. 23

In addition to the damages mentioned in the previous instructions, the law permits the jury under certain circumstances to award punitive damages. Punitive damages are designed to punish the offender and serve as an example to others. Your job in this final phase of the trial is to determine whether punitive damages should be awarded, and if so, in what amount.

## INSTRUCTION NO. 24

Earlier, in Instruction No. 8A, I instructed you about previously established facts. I have established another fact which may be relevant to the issue of punitive damages. This fact is as follows, and you must accept it as proven.

1.  Until at least 1998, FAG Bearings totally refused to cooperate in investigation and remediation of the TCE contamination.

**INSTRUCTION NO. 25**

If you find, on the basis of clear and convincing evidence, that Defendants' conduct showed complete indifference to or conscious disregard for the safety of others, then you may award Plaintiff punitive damages.

If you award punitive damages, you should award such sum as you believe will serve to punish Defendants and to deter Defendants and others from like conduct.

In determining whether Defendants showed complete indifference to or conscious disregard for the safety of others, you may consider whether Defendants' conduct that harmed Plaintiff also posed a substantial risk of harm to the general public. In determining the amount of any punitive damage award, however, you must not include damages for harm to others who are not parties to this case.

You must not award Plaintiff an additional amount as punitive damages unless you believe Defendants showed complete indifference to or conscious disregard for the safety of others.

## INSTRUCTION NO. 26

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence is a higher standard of proof than the "more likely true than not true" standard you used in the last phase of the trial.

## INSTRUCTION NO. 27

"Complete indifference" and "conscious disregard" mean that Defendants knew or had reason to know that there was a high degree of probability that their conduct would result in injury.

**INSTRUCTION NO. 28**

In opening statements, Defense counsel made a remark as to how punitive damages are distributed. This remark was inaccurate, and should not be considered. I again emphasize that statements, arguments, questions, and comments made by lawyers are not evidence. In making your decision, you should not speculate about, consider, or discuss who will receive any punitive damages award.