IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JODELLE L. KIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-5032-DGK |
| ) | |
| SCHAEFFLER GROUP USA, INC., ) | |
| FAG HOLDING, LLC, and ) | |
| FAG BEARINGS, LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART MOTION TO RECONSIDER SANCTIONS**

On June 15, 2015, the Court granted Defendants' Rule 37(c) motion for sanctions because Plaintiff "patently violated Rule 26(e) by failing to identify additional theories of exposure and nineteen specific locations of exposure until after the close of discovery." Order (Doc. 231) at 11. Observing that normally it was counsel's responsibility to ensure the client's compliance with discovery, the Court ordered Plaintiff's counsel to pay the sanction. *Id.* at 18.

Now before the Court is Plaintiff's Motion to Reconsider (Doc. 552). For the following reasons, the motion is GRANTED IN PART.

**Discussion**

Plaintiff argues the Court should reconsider imposing sanctions on Plaintiff's counsel because neither Plaintiff nor Plaintiff's counsel were given notice that the Court was considering imposing monetary sanctions against counsel. She argues a court cannot sanction attorneys under Rule 37(c), and that counsel did not violate Rule 37(c). Plaintiff does not argue that there was no Rule 26(e) violation here, only that the Court should not impose monetary sanctions on counsel.

Defendants oppose the motion. They argue the Court provided adequate notice and several opportunities to be heard, and the Court did not err in finding Plaintiff and her counsel committed unjustified discovery violations warranting sanctions. They also note the Court could have sanctioned Plaintiff's counsel under Rule 26(g) or under its inherent authority to discipline the attorneys who appear before it.

The Court agrees with Plaintiff that her counsel did not have adequate notice that sanctions could be imposed on them. Two months after the Court issued the sanctions order, the Eighth Circuit handed down its decision in *Security National Bank of Sioux City, IA v. Jones Day*, 800 F.3d 936 (8th Cir. 2015) (holding the district court's failure to give particularized notice of unusual nature of sanctions it was contemplating imposing on counsel required vacatur of sanctions). Although not factually analogous to the present case, *Jones Day* is relevant because it reiterates the importance of giving notice and an opportunity to be heard before imposing sanctions on an attorney. *Id.* at 944.

In the present case, Defendants' Motion for Sanctions (Doc. 85) unquestionably gave both Plaintiff and her counsel notice of the alleged Rule 26(e) violation and an opportunity to be heard. The Motion also gave Plaintiff notice that the Court could impose a variety of sanctions for failing to provide timely supplementary disclosures, including precluding her from "contending or introducing any evidence that she was exposed to TCE anywhere but through the water supply at her childhood residence," ordering her to reimburse Defendants' "reasonable attorneys' fees and expenses associated with bringing this motion," and imposing "other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Mot. at 1; Fed. R. Civ. P. 37(c)(1)(C). The Motion did not, however, explicitly give *Plaintiff's counsel*

notice that monetary sanctions might be imposed on them under Rule 37 for their failure to ensure compliance with the rules of discovery.

Accordingly, out of abundance of caution and to ensure that both Plaintiff and Plaintiff's counsel receive due process, the Court vacates Section IV of its Order wherein it discussed the appropriate sanction and who should be sanctioned. The Court will consider anew several issues that the parties are now directed to brief:

First, what is an appropriate sanction for the Rule 26(e) violation here. Since the Court is re-starting its analysis from the beginning, the entire range of potential sanctions is on the table.

Second, the Court will consider who should be sanctioned—Plaintiff, her counsel, or both.

Third, the Court will decide the source of any sanction. Rule 37(c) is not the only authority under which the Court might sanction Plaintiff or her counsel for the discovery violation here. The Court could also sanction Plaintiff's counsel under Rule 26(g), and it could sanction Plaintiff or her counsel under the Court's inherent power to discipline those who appear before it. The parties thus must brief whether Plaintiff, her counsel, or both, should be sanctioned under Rule 26(g) or the Court's inherent authority, and if so, what that sanction should be.

Finally, to assist the Court's determination whether Plaintiff's counsel should be sanctioned, and if so, what any sanction should be, the Court would like to know if Plaintiff's counsel have been sanctioned for discovery violations previously. If Plaintiff's counsel have not engaged in such behavior before, no sanction or a lesser sanction may be warranted. On the other hand, if Plaintiff's counsel have been sanctioned previously for the same or similar

violations, it might indicate a pattern of engaging in such conduct which could merit a stiffer sanction.

Plaintiff's counsel shall file a list of every instance in which any of the attorneys who have entered an appearance on Plaintiff's behalf in this case have been sanctioned by a court for any discovery violation. For each such violation, Plaintiff's counsel shall identify the court, the case name, the case number, the name(s) of the attorney(s) sanctioned, the reason the court gave for sanctioning the attorney(s), and the sanction imposed. For purposes of this list, a simple admonishment counts as a sanction. This list shall be filed on or before June 16, 2016.

In preparing this list, Plaintiff's counsel should err on the side of disclosure. Plaintiff's counsel do not need to disclose any instance where a court found a discovery violation but did not impose a sanction or where it imposed sanctions for reasons unrelated to discovery.

The balance of the Order, including the Background section and parts II and III of the Discussion section,[1] is unchanged. Hence, the parties should not re-brief the issue of whether there was a Rule 26(e) violation here or whether this violation was substantially justified or harmless.

## Conclusion

For the foregoing reasons, Plaintiff's motion to reconsider is GRANTED IN PART. Section IV of the Court's June 15, 2015, Order imposing sanctions is hereby VACATED. Starting anew, after receiving briefing from the parties, the Court will determine an appropriate sanction for the Rule 26(e) violation identified in the Court's Order and who should be

---

[1] The Background section sets out the history of discovery in the case. Section II found that timely supplementary disclosures were not provided as required by Rule 26(e). Section III held this Rule 26(e) violation was neither substantially justified or harmless. These sections are unchanged because Plaintiff and her counsel had notice of and were heard on these issues before the Court rendered its decision.

4

sanctioned. The parties' briefing shall also address whether sanctions should be imposed under Rule 26(g) or the Court's inherent authority, and if so, what any sanction should be.

The parties' initial briefs shall be filed on or before June 30, 2016, and shall not exceed fifteen pages. The parties may not incorporate any argument by reference; all argument shall be contained in the four corners of the brief. Any Reply brief shall be filed on or before July 21, 2016, and shall not exceed twelve pages. A reply brief shall not advance any new arguments; it shall be limited to replying to the argument and authority raised in the other party's initial brief. No additional briefing will be permitted.

Finally, on or before June 16, 2016, Plaintiff's counsel shall also file a list of any previous instances where they have been sanctioned for a discovery violation.

**IT IS SO ORDERED.**

Date:  June 2, 2016   /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT