**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., | ) | |
| FAG HOLDING, LLC, and | ) | |
| FAG BEARINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW

This case arises from Defendants' release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. Following a hard-fought, three-week trial, the jury found in Plaintiff's favor and awarded her $20,600,000 in compensatory and punitive damages.

Now before the Court is Defendants' renewed Rule 50(b) Motion for Judgment as a Matter of Law (Doc. 555). For the following reasons, the motion is DENIED.

### Standard

Judgment as a matter of law is appropriate where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). As the Eighth Circuit has described the standard, "Judgment as a matter of law is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable juror" could have found for the nonmoving party. *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 868 (8th Cir. 2011). The court views the evidence in the light most favorable

to the verdict. *Gill v. Maciejewski*, 546 F.3d 557, 562 (8th Cir. 2008). It cannot make credibility determinations or weigh the evidence. *Duban v. Waverly Sales Co.*, 760 F.3d 832, 835 (8th Cir. 2014). Thus, the moving party "bears a heavy burden" on a motion for judgment as a matter of law. *Gill*, 546 F.3d at 562.

## Discussion

Defendant moves for judgment as a matter of law, or alternately, for a new trial, on Plaintiff's negligence and negligent failure-to-warn claims.

**I.       Plaintiff presented sufficient evidence to establish causation on her negligence claim.**

Defendants contend Plaintiff failed to establish either general or specific causation on her negligence claim. They argue Plaintiff failed to offer evidence showing what level of TCE exposure causes autoimmune hepatitis ("AIH") in humans, so the jury could reach its verdict only by speculating that Plaintiff was exposed to a significant enough amount of TCE to cause her AIH.

The Court finds Plaintiff presented sufficient evidence through her fact witnesses and experts—particularly Dr. Lorne Everett, Dr. Thomas Zizic, and Dr. Kathleen Gilbert—to establish that exposure to TCE can cause AIH in humans; that she has AIH; that she was exposed to enough TCE to cause her AIH; and that her AIH is consistent with her exposure to TCE. For example, Dr. Zizic testified that autoimmune disease is not dose-responsive, so there was no threshold level at which Plaintiff's exposure to TCE could be said to have caused her AIH. Still, he testified to a reasonable degree of medical certainty that TCE caused Plaintiff's AIH. Thus there was sufficient evidence of causation.

**II.      Plaintiff presented sufficient evidence supporting her failure-to-warn claim.**

Defendants argue that Plaintiff's negligent failure-to-warn theory should not have been submitted to the jury because Plaintiff received at least eight adequate warnings about TCE exposure. They also contend she did not prove she would have altered her behavior if she had been given an adequate warning.

These arguments are unavailing. To begin, the Court notes that at trial Plaintiff and her mother both denied receiving any of the various government communications Defendants claim served as warnings in this case. Consequently, the Court cannot disturb this determination without finding their testimony was not credible or re-weighing the evidence, which the court is prohibited from doing. *See Duban*, 760 F.3d at 835. Similarly, the Court cannot re-weigh the evidence and find that any warnings Plaintiff's family may have been given were adequate warnings, because the adequacy of any warning is a question for the *jury* to decide, not a court. *Grady v. Am. Optical Corp.*, 702 S.W.2d 911, 915 (Mo. Ct. App. 1985).

With respect to Defendants' other argument, Plaintiff's mother testified that if she had been aware of the TCE contamination, she would have never moved into her home. This is sufficient to show that she would have altered her behavior if she had been given adequate warning.

### Conclusion

Because there are sufficient facts on the record supporting the jury's verdict, Defendants motion for new trial is DENIED.

**IT IS SO ORDERED.**

Date:  July 14, 2016                              /s/ Greg Kays
                                                          GREG KAYS, CHIEF JUDGE
                                                          UNITED STATES DISTRICT COURT

3