IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| SCHAEFFLER GROUP USA, INC., and | ) | |
| FAG BEARINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART MOTION TO STRIKE ARGUMENT

Now before the Court is Plaintiff's Motion to Strike New Argument in Defendants' Response Brief Regarding Order Granting in Part Motion for Reconsideration (Doc. 586). For the following reasons, the motion is GRANTED IN PART.

The events preceding this motion are as follows. The Court previously issued an order ("the Order") (Doc. 569) reconsidering a portion of an earlier order imposing sanctions on Plaintiff's counsel for discovery violations. The Order directed the parties to file a brief and a reply addressing three questions: (1) what is an appropriate sanction for the Rule 26(e) violations in this case; (2) who should be sanctioned—Plaintiff, her counsel, or both; and (3) what is the appropriate source of the Court's power to sanction the violations here. With respect to the third question, the Order specifically directed the parties to submit briefs concerning the Court's power to impose sanctions under Rule 37(c), Rule 26(g), or the Court's inherent authority. But the Order failed to identify a fourth potential source of authority, Rule 16. The

Order also instructed the parties not to brief any other issues. The Court included this directive because it did not want the parties to re-litigate whether Plaintiff violated Rule 26(e).[1]

Defendants subsequently filed their initial brief (Doc. 577-1) and their reply (Doc. 582). Both briefs argued that under Rule 16, the Court must impose sanctions if a party or its attorney fails to obey a scheduling order unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff filed her initial brief (Doc. 576) and a reply (Doc. 583). Neither discussed Rule 16. She then filed the pending motion arguing Defendants violated the Order. For relief, Plaintiff requests the Court strike the Rule 16 argument and hold an evidentiary hearing. Plaintiff writes that as it stands now, she and her counsel "have been denied an opportunity to be heard on Rule 16. Even if this section is struck from Defendants' brief, however, the only way to guarantee a full and fair opportunity [to be heard] in light of the severe sanctions sought is to grant an evidentiary hearing." Pl.'s Br. at 3.

The Court rules as follows. With the benefit of hindsight, the Court notes it erred in directing the parties to limit their argument to the Court's ability to impose sanctions under Rule 37(c), Rule 26(g), or its inherent authority. The Court meant to solicit the parties' views as to any source of authority under which the Court might impose sanctions. Unfortunately, its Order did not say that.

Thus, strictly speaking, Plaintiff is correct: Defendants' Rule 16 argument violated the Order. The Court writes "strictly speaking" though, because while Defendants' violated the letter of the Order, they did not violate its spirit. Defendants' observation that Rule 16 might apply here is a valid one.

---

[1] The Court previously ruled Plaintiff "patently violated Rule 26(e) by failing to identify additional theories of exposure and nineteen specific locations of exposure until after the close of discovery." Order Granting in Part Motion for Sanctions at 11 (Doc. 231).

So the question is, what should the Court do to cure any unfairness here?  Striking the argument as Plaintiff suggests is problematic because Defendants have cited a possibly applicable rule, and it would be difficult or unfair for the Court to ignore that rule simply because it failed to cite it in the Order.[2]  A better solution is to allow both parties to thoroughly brief the issue, so that each side has an ample opportunity to be heard.

As for Plaintiff's request for an evidentiary hearing, it is denied.  The question before the Court is essentially a legal one, whether Rule 16 possibly applies here.  An evidentiary hearing would serve no useful purpose.  If Plaintiff believes there is a disputed question of fact related to this legal question, she can attach an affidavit to her initial brief.

Thus, Plaintiff's motion is GRANTED IN PART.  Plaintiff may file a brief on or before April 7, 2017, responding to Defendants' argument that Rule 16 "authorizes the Court to impose sanctions against Plaintiff's counsel."  Defs.' Br. at 6.  This brief shall not exceed five pages.  If Plaintiff files such a brief, Defendants shall have until April 21, 2017, to file a response which shall not exceed five pages.  If Defendants file a response, Plaintiff shall have until May 5, 2017, to file a reply brief which shall not exceed three pages.  All of the parties' briefing shall not incorporate any argument by reference; all argument must be contained within the four corners of the brief.

**IT IS SO ORDERED.**

Date:  March 24, 2017          /s/ Greg Kays
                                         GREG KAYS, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT

---

[2] This is particularly true since the Rule states "the court *must* order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2) (emphasis added).