# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JODELLE L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-5032-DGK |
| | ) | |
| FAG BEARINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING JOINT MOTION TO VACATE SANCTIONS

This case arises from Defendant's release of trichloroethylene ("TCE") into the environment near Plaintiff Jodelle Kirk's childhood home. A jury found Defendant's actions caused Plaintiff's autoimmune hepatitis and awarded her $7,600,000 in compensatory damages and $13,000,000 in punitive damages.

At that time, there were two Defendants[1] in the case. Both appealed. The Eighth Circuit held Defendant Schaeffler Group USA, Inc. was entitled to summary judgment, and the remaining Defendant, FAG Bearings, LLC, was entitled to a new trial on punitive damages. After remand, the parties settled.

Now before the Court is the parties' Joint Motion to Vacate Sanctions (Doc. 616), brought pursuant to their settlement agreement.[2] Because granting the motion would undercut the purpose of imposing sanctions—to penalize those who violate the rules and deter future litigants and attorneys from engaging in similar conduct—the motion is DENIED.

---

[1] When this case was filed, there were three defendants. At the time of trial, two remained: FAG Bearings, LLC, and Schaeffler Group USA, Inc. Thus, when recounting the history of the case, much of this order refers to "Defendants."

[2] Although the settlement agreement is not part of the record, it appears to require Defendant to join Plaintiff in moving to vacate the two sanctions orders entered against Plaintiff and/or her attorneys. *See* Mot. at ¶¶ 4-5.

**Background**

The Court first imposed sanctions against Plaintiff's counsel Kenneth McClain for conduct associated with a deposition that took place in early October 2014. Order Granting Mot. for Sanctions (Doc. 143). The Court found that Mr. McClain had breached an agreement he made to reimburse opposing counsel travel costs for a last minute change in deposition location. *Id*. at 2. The Court also found he had behaved uncivilly by calling opposing counsel "liars" and "a bunch of babies," and by threatening to cancel the deposition unless opposing counsel acceded to his demand to waive reimbursement. *Id*. at 2 n.2, 3-4 (Doc. 143). Pursuant to its inherent power to regulate the conduct of the attorneys who appear before it, the Court ordered Mr. McClain to honor his promise to reimburse opposing counsel and to pay opposing counsel's reasonable attorneys' fees incurred in bringing the motion. *Id*. at 7-8.

The second sanction order was entered for violating the rules of discovery and the scheduling order. Order Granting in Part Mot. for Sanctions Under Rule 37(C) (Doc. 231). The Court found Plaintiff "patently" violated Rule 26(e) by failing to identify additional theories concerning how she was exposed to TCE and the locations of this exposure until 108 days *after* the close of fact discovery, disclosing the information in an affidavit referenced in a footnote to an expert's report. *Id*. at 7-8, 11-13. The Court found Plaintiff's failure to identify the information was more likely a byproduct of Plaintiff's counsel's dilatory conduct during discovery[3] than a decision to withhold the evidence for as long as possible. *Id*. at 15-16. But given that the prejudice to Defendants could be cured and exclusion of the information would be

---

[3] As the Court noted in its order (Doc. 70) denying Plaintiff's motion to extend discovery, the record "amply demonstrates that Plaintiff has not been engaged in active discovery. Although discovery was open for more than ten months, Plaintiff failed to serve any written discovery on Defendants until April 3, 2014, the day before the deadline to complete discovery expired." Order at 2. The Court later noted the failure to develop and divulge Plaintiff's specific theories of exposure was consistent with Plaintiff's counsel's failure to pursue discovery during these ten months. Order Granting in Part Mot. for Sanctions Under Rule 37(C) at 15 n.10.

tantamount to dismissal, the Court held a sanction less than exclusion was appropriate. *Id*. at 18. The Court reopened discovery for Defendants and permitted them to revise their Daubert and summary judgment motions in light of any new evidence uncovered. *Id*. The Court also awarded Defendants their reasonable attorneys' fees and expenses incurred in bringing the motion, as well as reimbursement of one-third of all of the reasonable costs and expenses they would incur in conducting additional discovery and revising their motions. *Id*. at 18-19. The Court ordered Plaintiff's counsel to pay all amounts owed as a consequence of the violation, because it nearly cost Plaintiff a decision on the merits. *Id*.

The Court subsequently awarded $28,948 to Defendants for fees and expenses incurred in bringing the motion. Order Partially Setting Amount of Rule 37(c) Sanctions at 2 (Doc. 281). Defendants requested $167,068.36 for costs associated with reopening discovery, and the parties have briefed this issue (Docs. 315, 325, 354). While this request was pending, the Court granted in part Plaintiff's motion to reconsider sanctions because Plaintiff's counsel was not given particularized notice that the Court was contemplating imposing sanctions on them.[4] Order Granting in Part Motion to Reconsider Sanctions at 2-3 (Doc. 569).

While the parties briefed the issue of who should be sanctioned—Plaintiff, her attorneys, or both—Defendants appealed the jury's verdict.[5] Following remand from the Eighth Circuit, the parties settled the case. This joint motion to vacate sanctions followed.

---

[4] The Court based its ruling on the Eighth Circuit's decision in *Security National Bank of Sioux City, IA v. Jones Day*, 800 F.3d 936 (8th Cir. 2015), which was handed down two months after the Court issued the sanctions order. In *Jones Day*, the Eight Circuit held a district court must give particularized notice to counsel that it was contemplating imposing sanctions on them for discovery violations.

[5] Erring on the side of caution, the Court declined to rule on the outstanding sanctions issues while the case was on appeal. The Court has not issued a final order on these sanctions, but will do so in the near future.

**Discussion**

Discovery abuse is a "widespread concern in the legal community," and "[p]reventing such abuse depends in part on reducing the reluctance of attorneys to seek sanctions and of judges to impose them." *Security Nat. Bank of Sioux City, IA v. Day*, 800 F.3d 936, 942 (8th Cir. 2015). Where, as here, a party moves for sanctions and the record justifies their imposition, sanctions are appropriate to penalize and "'deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)).

In support of their motion, the parties note that the Court has the authority to vacate its order because district courts retain jurisdiction over collateral matters such as attorneys' fees and sanctions after a case settles. The parties do not, however, cite a single case where a court imposed sanctions and then agreed to vacate them to facilitate a settlement, and the Court could not find one.

Further, while Defendant has joined the motion to vacate, it has not withdrawn the underlying motions seeking sanctions (Docs. 85, 105), nor has it retreated from its position that sanctions were rightly imposed. Indeed, Defendant previously forcefully argued against *any* reconsideration of the Court's order imposing sanctions. Suggestions in Opp'n to Pl.'s Mot. to Reconsider Order Granting in Part Mot. for Sanctions Under Rule 37(c) at 12-13 (Doc. 560) ("As the Court correctly determined, Plaintiff and her counsel violated their discovery obligations because, ***over the course of more than a year***, Plaintiff failed to disclose any location other than her home in support of her allegation that she had been exposed to TCE. Given the Court's careful review of the discovery record in this case, the Court did not err—much less make a significant error that would warrant reconsideration—in determining that Plaintiff and

4

her counsel violated their discovery obligations.") (emphasis in original).  In fact, Defendant previously argued the sanctions were not tough enough, and the Court should exclude the evidence post-trial and direct a verdict in its favor.  Def.'s Br. Regarding Order Granting in Part Mot. to Reconsider Sanctions at 11 (Doc. 577-1).

While granting the motion might facilitate future settlements, the Court declines to do so because the rules governing discovery and the conduct of the attorneys' who appear before it are not bargaining chips that litigants can trade away in settlement negotiations.  Sanctions serve an important public interest in enforcing the rules of discovery and policing attorneys' conduct, interests which would be undercut by granting the motion.  Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Date:  March 28, 2019             /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                UNITED STATES DISTRICT COURT